## STRUTHERS *v.* REESE.

A certificate from the surveyor-general under seal of the land-office, " that, from examination of the books of the land-office, it does not appear that patents have issued for in-lots Nos. 486, &c., in the town of Warren, sold by the commissioners to E. M., two-thirds of the purchase money not having been paid," is evidence for a mortgagor, in an action on the mortgage as against his grantor, (by a deed with general warranty,) to show that the commissioners, under the act of 1799, had returned these lots as sold to E. M., and that there was purchase money due to the Commonwealth.

Book kept by one proved to have acted as commissioner of sales for lots in Warren, under the act of 1799, found among his papers after his decease, is evidence of a sale of a lot, and to whom it was sold, as therein mentioned, in an action between strangers.

A letter from the secretary of the land-office, transmitting accounts of sales and balances due on such lots from the purchasers, purporting to be written pursuant to an act of Assembly directing such accounts to be transmitted, is not evidence of the facts therein stated—*aliter* of his certificate of those facts.

In error from the Common Pleas of Warren county.

*Sept.* 30. The facts of this case are stated in the opinion of this court. It may be proper to add, that the certificate of the surveyor-general was, "that from an examination of the books of the land-office, it does not appear that patents have issued by the Commonwealth, for in-lots in the town of. Warren, Nos. 486 and 487, &c., sold by the commissioners of sales to Ephraim Morrison, two-thirds of the purchase money not being paid," and was under the seal of the land-office. The evidence of Judge Hackney having been commissioner, was parol testimony that he acted in that capacity.

The letter of the secretary was dated June 5, 1826, directed to the commissioners of Warren, enclosing a list of balances of purchase

money remaining due on in and out-lots in the town of Warren, and purported to be written in pursuance of an act of 18th February, 1824, which directs such a list to be transmitted, and appropriates part of the sums due to the erection of a new court-house. The list contained E. Morrison's name as purchaser of No. 486. Price $2 50—amount paid 83⅓ cents. The court below admitted this document to show the amount of the purchase money due, but rejected it as evidence of title in Morrison.

The rejection of evidence constituted the three errors assigned.

*Brown* and *Galbraith,* for plaintiff in error.—The title of the plaintiff below was imperfect to lots Nos. 486 and 487, part of the property conveyed to the defendant. The book was offered as an official document or record to show title in Morrison. The certificate from the land-office was offered to show that no patent had ever issued for these lots, two-thirds of the purchase money, as required by the act of Assembly, never having been paid. The title, therefore, was never out of the Commonwealth. Both the book and certificate were clearly evidence for the purpose for which they were offered. They cited 1 Stark. Evid. 208; Leazure *v.* Hillegas, 7 Serg. & Rawle, 313; Lindsay *v.* Scroggs, 2 Rawle, 141; Galbraith *v.* Elder, 8 Watts, 81; Act of 31st of March, 1823, Pur. Dig., 6th ed. 399, to show when books of public officers are evidence.

*Howe,* contrà.—The certificate is of a negative character. It does not say that a patent had not issued, but *" that it did not appear that a patent had issued."* It was not therefore evidence that one had not issued. The bonds required by the act and given for the purchase money should have been produced on the trial. They were the property of the Commonwealth, and would have shown what amount of purchase money, if any, had been paid.

The inference clearly was that patents had issued. Neither the certificate nor the book of sales were the best evidence. They should have proved that John Andrews and Judge Hackney were commissioners. A certificate of their appointment by the governor would have been the proper evidence. There is no law which makes a letter from one of the officers of the land-office evidence. It must be a certificate under the seal of the proper officer, which this was not.

*Oct.* 5. Burnside, J.—This was a *scire facias sur* mortgage, brought by Martin Reese *v.* Thomas Struthers, for the recovery of $2400. Plea, payment, want of consideration, and set-off with leave, &c. The mortgage, after setting forth a debt of $2400, pay-

able in six months from date with interest, as the consideration or sum, the payment whereof was to be secured, conveys to the said Reese, amongst other property, in-lots Nos. 486 and 487, in the town of Warren, with the usual clause of defeasance.

Struthers then proved the payment of $1260; then gave in evidence a deed from Martin Reese to him for the town lots (*inter alia*) included in the mortgage, and of the same date with the mortgage, with covenant of general warranty, and alleged that the title having proved imperfect in Reese, to part of the property conveyed, he was entitled to a deduction on account of the failure. Struthers and wife, on the trial, filed a release of the town lots Nos. 486 and 487, to Reese.

To show that Reese had no title to the in-lots in his deed, the defendant offered in evidence a certificate of the surveyor-general, dated the 25th February, 1845, that no patents had issued for lots Nos. 486 and 487 in the town of Warren, and that they were returned sold to Ephraim Morrison. To this certificate the plaintiff objected, because it was but a negative certificate of the facts stated, and the court sustained the objection. This is the first error assigned. It has been the constant and universal usage of the courts in Pennsylvania to receive in evidence the certificates of the officers of the land-office, that no warrant or survey, return of survey, or no patent has issued, nor can be found in their office. It is not true that a negative certificate is always rejected. It may be *primâ facie* evidence for many purposes. A negative certificate of a recorder, that a deed cannot be found, is received in evidence as part of the proof made, to let in secondary evidence of the contents. Ruggles *v.* Gaily, 2 Rawle, 236.

This certificate was evidence to show there was purchase money due the Commonwealth, and that the lots had been returned sold by the commissioners to Ephraim Morrison.

The defendant then offered in evidence the original book of sales of the in and out-lots in the town of Warren, of Judge Hackney, the commissioner, who was then deceased. First having proved that he acted as commissioner and sold the town, that it was his handwriting and found among his papers. This book the court also rejected. All the first purchasers in the town of Warren held their lots under this sale. The commissioner was appointed by the governor, and the sale made in pursuance of the act of the 11th of April, 1799, 3 Smith's Laws, 381, entitled "An act to provide for selling the several reserved tracts of land adjoining the towns of Erie, Franklin, Warren, and Waterford, and for the purposes therein

mentioned." This act did not provide a place for the keeping of this book. Under .the proof given, it ought to have been received in evidence for the purpose for which it was offered. It showed that Reese was not a first purchaser of in-lots Nos. 486 and 487, but that they were sold to Morrison, who paid the hand money required by the act of Assembly.

We cannot say the letter of the secretary of the land-office was evidence, but if he had duly given his certificate of the material matters stated in that letter, it would have been evidence. Hackney had made return of his sales. He had returned Ephraim Morrison as purchaser of lots Nos. 486 and 487. The secretary's certificate of this, and of the balance of purchase money due the Commonwealth, would have been evidence. After this evidence given by Struthers, Reese will be bound to show his title. . Unless he can do so, the case will be with the defendant for a proper reduction.

The judgment is reversed and a *venire facias de novo* awarded.