ROSWELL P. RUSSELL, Respondent, *vs.* THE MINNESOTA OUTFIT, Appellants.

A. and B. are tenants in common of a Steamboat with others, and engaged with them in the transportation of freight for hire. A. is Captain of and authorized to transact business on behalf of the Boat. B. incurs a debt arising out of a contract of affreightment for C., and A. with the assent and author ty of a majority of the owners, but without the knowledge of B., assigns the demand against B. to C. Such an assignment held to be valid, and an action thereon brought in the name of the assignee sustained.

Although A. and B. are tenants in common of the Boat itself, they are copartners as to its business, and all the laws governing copartnerships are applicable to their transactions.

The finding of a Referee upon questions of fact is conclusive, unless there are facts in his report or in the pleadings inconsistent with such finding.

The facts and the points made are stated in the opinion of the Court.

NORTH & SECOMBE, for Respondents.

AMES & VAN ETTEN, for Appellants.

*By the Court.*—SHERBURNE, J. This is an action in the nature of *indebitatus assumpsit*, to recover a sum of money alleged to be due from the Defendants on account of freighting done by the Steamboat Gov. Ramsey. The Plaintiff alleges an assignment of the demand to him from the proprietors of the Boat, by one Parker, agent for and part owner of said Steamboat, "for a valuable consideration."

The action was submitted to a Referee by the District Court, who reported in substance, among other things not material to the questions at issue here—that he had heard the parties and found that the steamboat Gov. Ramsey had done the freighting for the Defendants as alleged; that one Benjamin Parker was the commander and part owner of said boat, and was duly authorized as agent of the owners to settle all accounts for carrying freight on said boat and to transact all

business and make all contracts relating thereto; that said Parker, acting as such agent, and by the express authority and consent of those who owned a majority or greater portion of the stock in said boat, on the 15th day of March, 1853, sold and assigned to the Plaintiff in this action, the said account against the Defendants "for a valuable consideration;" that the Defendants were part owners of said steamboat during the time when said freighting was done, and were partners with the other owners of the boat in the transaction of said business of carrying freight, and as partners, were jointly interested with the other owners of said boat at the time said account was assigned, as aforesaid; that the assignment was made without the knowledge or consent of the Defendants, and that they had not received any portion of the proceeds of it; and that the Minnesota Outfit are indebted to the Plaintiff on account of the demand, as aforesaid, including debt and interest, in the sum of $825 44.

Upon this report, judgment was rendered for the plaintiff in the above sum, from which judgment the Defendants have appealed to this Court.

The Defendants claim that the judgment should be reversed for the following reasons:

*First.* The Defendants being jointly interested in the claim with the other part owners of the boat, and it having accrued in their joint favor, they were not divested of their interest and rights in it by the pretended sale and assignment made by Parker to the Plaintiff without their knowledge or consent, and Parker had no authority or power to make such sale and assignment.

*Second.* It does not appear from the report, and the fact is not found, that any sufficient or adequate consideration was paid by the Plaintiff, or passed between the parties, for such sale and assignment; nor what the character or amount of the consideration was, which must appear to enable the Plaintiff to recover.

*Third.* The Plaintiff, as assignee of the account, bought it subject to all equities, setoffs, or other defence, existing in favor of the Defendant at the time.

*Fourth.* The facts found and reported by the referee, show that the Defendants were tenants in common with the other part-owners in the boat at the time the freighting was done, and when the claim accrued, and were jointly entitled to the earnings of the boat and joint-owners of this account with the other parties. Therefore the facts found are strictly the subject matter of equity jurisdiction, for an equitable adjustment between the several owners and for equitable relief only ; and that can only be obtained upon a complaint properly framed, according to the facts found, and asking the appropriate relief. And no action in the nature of an action at law can be maintained against the Defendants for want of proper parties to it.

*Fifth.* The facts found and reported are strictly the subject matter for equity jurisdiction upon a complaint framed in conformity to the facts asking proper relief; and the action should have been in the nature of one in equity, and the rules and principles of equity law can only be applied to the facts of this case. The action as it is brought being strictly and purely an action of law, and the complaint containing only facts constituting a purely legal cause of action in assumpsit, is not sustained by the facts found, but in conflict with them, and no judgment can be sustained under it upon the facts found.

*Sixth.* The judgment below is not supported or warranted by the facts found by the referee, and is contrary to law and unjust to the Defendants.

There can be no doubt that if this action had been brought in its present form in the name of the proprietors or owners of the boat, it must have failed. The Statute provisions of 1853, abolishing the distinction between law and equity, has not changed the character of the relief to which a party is entitled, but only the form and manner of obtaining it. The Legislature may have power to authorize one copartner to bring his action against another, demanding a specific sum of money, in the form of an action at law; but it has made no such attempt. The form in this respect has not been changed. The rights of the parties remain the same as before the passage of the act referred to.

How far the act has changed or blended the forms of law and equity, it is impossible now to say. Different Judges of New York, of distinguished talent, have differed widely upon the question, and up to the present time no certain rules have been adopted by the Courts of that State which may be considered as safe guides of practice in all cases. New cases will continue to develope new difficulties, and many years must pass away before these difficulties can be entirely removed, the conflicting opinions of Courts harmonized, and a well-digested, safe, and certain code of practice brought into use.

There are, however, some requisites which appear so obvious in the forms of pleading under any system, that they may be assumed as necessary without fear of mistake. One is that the party who comes into Court to obtain relief, shall distinctly state in his bill, writ or complaint, the grounds upon which he demands relief and the relief which he demands. If this were not necessary, written pleadings would be a deception, wholly useless, except to mislead. The Statute upon this point is in harmony with the general principles of law and equity. Section 60 on page 337, provides that a complaint must contain—

"*Second,* A statement of the facts constituting the cause of of action in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended.

"*Third, A demand of the relief to which the Plaintiff supposes himself entitled.* If the recovery of money be demanded, the amount thereof must be stated."

Even in form then, the Statute blending law and equity has not made and cannot make so important a change as might be inferred from a first reading of it. The complaint must, as before the passage of the act, be drawn with a special view to the relief demanded; and unless it is so drawn, the action must fail, except in cases where the error is cured by amendment. It follows, then, necessarily, that as an action at law cannot lie between co-partners in order to settle any question relating to their business as co-partners; and as this is purely an action at law, demanding no relief except judgment for a sum of money, it could not have been sustained if it had been brought in the name of the proprietors of the boat.

The questions to be considered further are—

*First*, Had the Company a legal right to assign the account ? And if so,

*Second*, Did they, in fact, make a legal assignment of it to the Plaintiff ?

*Third*, If a legal assignment was made to the Plaintiff, did it authorize him to maintain this action ?

The authorities are conclusive upon the point that although the proprietors or owners of the boat were tenants in common as to the boat itself, yet as to the business of the boat—the freighting, &c.—they were co-partners, and therefore subject to the laws governing co-partners and determining their own rights and the rights of others. *See Story's Abbot on Shipping, page* 82, *and cases there cited.*

The Defendants, not as members of the copartnership, but in another and distinct capacity, employed the boat to perform services as alleged in the complaint to the amount found by the referee. The debt was the property—not of the individual members of the firm in equal shares, or otherwise, but of the firm as one individual. Why, then, had not the owners authority to assign it? If the Minnesota Outfit had given their promissory note to the Company, no doubt of the authority would be pretended. Nothing is more common than for one co-partner to give his private paper running to the firm, and for this paper to be endorsed by the firm and sold in the market. I see no difference and know of no legal distinction between such a case and the one at bar, except that in the latter, the Defendants have the right to interpose any equitable set-off they may have. The right to dispose of the partnership effects by an individual member of the partnership is unlimited. *See Collyer on Partnership, Book* 3, *Chap.* 1, *Sec.* 1, *and notes.* This debt was as fully a part of the partnership effects as it would have been if standing against a stranger to the firm ; and if so, no reason occurs to me why it could not have been disposed of in like manner and for like reasons as other partnership effects.

The point made by the Defendants' counsel, that the Plaintiff, as assignee of the account, took it subject to all equities, set-off, or other defence existing in favor of the Defendants at

the time, cannot affect the authority of the Company to make the assignment.   If the Defendants had any right to make such set-off or other defence, they should have set it up in their answer; but they have not done so.   The answer admits the services and alleges that by agreement with the agent Parker, the freighting was to be paid for in certain shares in said boat. Whether or not such an agreement was made, was the material issue made by the pleadings.   No reference is made in the answer to any set-off on account of the earnings of the boat, or for any other reason except as before stated.   This objection, then, if it is really is one, was waived by the Defendants, and it is now too late to make it.

As to the earnings of the boat, however, it may be well doubted whether it would have availed them if made at the proper time.   The consideration of the sale or assignment of the demand went to increase the partnership fund arising from the earnings of the boat, and the Defendants are owners of that fund in proportion to their shares in the boat.   Whenever a dividend of the profits of the boat is made, or the business of the boat Company is closed, the Defendants are entitled to their just proportion.   To allow them to deduct it in this action, would involve a general account and adjustment of all the co-partnership business growing out of the ownership of the boat, and between all the owners.   There are no facts presented in the cause which can justify such a direction to the action, even if the right to require it had not been waived.   It might operate with extreme hardship upon the Plaintiff, without affording any advantage to the Defendants to which they are equitably or legally entitled.

I do not say but a case might be presented which would authorize the Court to order a general account and final adjustment of the affairs of the Company, even in an action like the present. If it should appear from the answer of Defendants standing in the place of the present Defendants that they were to be injured on account of any fraudulent or wrongful appropriation of the partnership property, or that for some reason they would be unable in the final adjustment of their business to obtain their just rights if obliged to pay the apparent indebtedness, a case would be presented very different from the one before us.

But, *Secondly*, Did the Company make a legal assignment of the account to the Plaintiff? .

The Referee reports that such an assignment was made, and for a " valuable consideration." This is conclusive, unless there are facts in his report or in the pleadings, inconsistent with such a finding. Parker, who in fact made the assignment, was a part owner of the boat, was commander of it, and was agent of the other owners. He had then all the authority which the Company had to make the transfer.

The objection to the assignment, that there does not appear to have been any adequate consideration for it, comes too late. The complaint alleges that the assignment was made for a valuable consideration. If the Defendants had moved at the proper time for an order to make the complaint more certain in this respect, it is possible that it would have been granted; but instead of doing so, or making any other objection to it, they took issue on the allegation of valuable consideration, and that issue was found against them. Not a single reason occurs to me in favor of sustaining the objection. If the Defendants had reason to believe that the consideration actually paid by the Plaintiff was of no adequate legal value, they should, at the proper time, have moved the Court for an order requiring the Referee to report the facts upon that branch of the case; but as no fact appears, this Court must be governed by the conclusions of the Referee. The assignment was properly made and must be considered good.

*Thirdly*, If a legal assignment to the Plaintiff was made, did it authorize him to maintain this action in his own name?

The general doctrine that Courts will protect the equitable interests of an assignee of a chose in action has been so long settled and so well understood, that no authority need be cited to support it. The Revised Statutes of the Territory not only authorize, but make it obligatory upon the Plaintiff to bring the action in his own name. *R. S. page* 333, *Sec.* 27. This would seem to be, and is decisive of the question. The reasons why the members of a partnership cannot go into a Court of law to adjust their mutual differences growing out of the business of the firm, do not apply to this case in any one particular. Here the parties are distinct. The same individuals are not

found both as Defendants and Plaintiffs.   The issue between the parties is direct, plain, and simple, going only to the question of indebtedness.   The co-partnership found is not by this action to be separated.   One portion of it is not arrayed against the other, making a general account necessary.   Indeed, it is hard to perceive why the action may not be as well sustained as if the Plaintiff had been the original creditor.

The judgment of the District Court must be affirmed with costs.