### IN THE

# SUPREME COURT

### OF THE

## STATE OF MINNESOTA,

#### AT DECEMBER TERM, 1859.

---

## AARON W. TULLIS, Appellant, *vs.* WILLIAM F. BRAWLEY, Respondent.

The return of a Sheriff, so far as it is evidence of formal proceedings, is conclusive upon parties, privies, and *prima facie* upon strangers, and is not liable to impeachment except in direct proceedings in which the officer is a party; and under our statute it is not necessary that the Sheriff should, in his return, state the particular acts done by him in making his levy.

Section 91 of Chapter 71, Revised Statutes of 1851, providing that "until a levy, property is not affected by the execution," only applies to a levy upon personal property, or such as is not subject to the lien of the judgment.

The return of a Sheriff certifying that he "levied upon the 'books' of said B.," is no evidence of a levy upon the debts and book accounts due to said B. from various persons.

The statute requiring that an action against a public officer for any act done by him in virtue of his office, must be tried in the county where the cause of action, or some part thereof, arose, is a personal privilege conferred upon the officer, which he may waive if he sees proper to do so. If he omits to claim the privilege at the trial, the objection upon a motion for a new trial comes too late.

This was an appeal from an order of the District Court of Hennepin County, denying a motion for a new trial. The facts are substantially stated in the opinion of the Court. The record contains a Bill of Exceptions.

The following are the points and authorities relied upon by the Counsel for the Appellant :

*First.*—The Court below erred in admitting in evidence the "return" of the Sheriff, for the purpose for which it was offered, or for any purpose. The return was *prima facie* evidence that the same is correct, and that the service has been rendered. *Stat. of Min., p.* 591, *Sec.* 22. It showed a levy upon and sale of the books of account, and the Court must presume that the proceedings in making the levy were regular until the contrary is shown. The fact that the return does not show all the circumstances of the levy, does not render it void.

*Second.*—The Court below should have granted the motion for a dismissal of, or non-suit in the action, because up to that time there had been no proof that the levy was void. The witness Demmon had testified to an unofficial statement made by Appellant some time previous to sale, to the effect that no copies of the execution or notices of levy on debt had been served on any of the debtors of Ball, but this was rebutted by the "best evidence," to wit, the "return" *showing a levy.*

*Third.*—The Court erred in refusing evidence of the order of Court authorizing the sale, and the Clerk's certificate showing that the same was still in force. The order was in the nature of process from the Court, and even if voidable, the officer acting under it will be protected. 2 *McMullan* 335, *cited in* 5 *U. S. Dig.* 465.

*Fourth.*—The Court erred in so qualifying the charge asked on behalf of the Appellant, as to instruct the jury that they must *find that the notice,* given by the Sheriff to the effect that they purchased at their own risk, *was brought home to the 'knowledge of Respondent.* The sale was public, by a public officer, and if it is proved that the Sheriff gave such a notice, so that other bidders did hear, and all might have heard it, it matters little whether the Respondent or his agent heard it. The rule *caveat emptor* applies, notwithstanding their *negligence.*

*Fifth.*—The evidence was insufficient to justify the verdict. The matter of defence set up in the answer, to wit, that notice

was given to the buyers that they took at their own risk, was clearly proved by the positive evidence of three witnesses, and to rebut that, we have only the *negative* evidence of the Respondent and his agent, that they did not hear it.

*Sixth.*—The Court had no jurisdiction of the subject matter of this action. It was a strictly *local* action, and the District Court of Hennepin County could never obtain jurisdiction therein, except by change of venue from Ramsey County. *Stat. of Min.*, *p.* 536, *Sec.* 40, 43, (*the word* "*may*" *means* "*must*" *in the Statute ;) Schuyler Co. vs. Mercer Co.*, 4 *Gilman (Ill.).* 20 ; *Minor et al. vs Mechanics' Bank*, 4 *Peters* 64. The action was *local. See Rightmyer vs. Raymond*, 12 *Wend.* 51 ; *Allen vs. Forshay et al.*, 12 *Wend.* 217 ; *Lore vs. Humphrey*, 9 *Wend.* 208 ; *Howland vs. Willetts*, 5 *Sand.* 219 ; *Hull vs. Southworth*, 5 *Wend.* 265.

But the Appellant has not *waived* his rights under the statute, because we have no statute which will *authorize a trial* in any other county, than where the cause of action arose except our own. *Compare Revised Statutes of New York*, *Vol.* 2, *p.* 506, *and the Code of New York, Sec.* 124, 125 *and* 126 ; *Howard's New York Code, p.* 123, 124 *and* 125, *with our Statute upon the subject, and see Mostyn vs. Fabrigas,* 1 *Smith's Leading Cases* 679, *Am. Note.*

Jurisdiction of the subject matter of an action cannot be acquired by waiver, consent or stipulation of parties. *See Dodd vs. Cady,* 1 *Min. Rep.* 289 ; *Ames vs. Boland et al.*, *same,* 365.

The following are the points and authorities relied upon by the Counsel for the Respondent :

*First.*—1. The Court correctly admitted the execution and " return, " when offered by Plaintiff.

The complaint alleges, as grounds for recovery, (folios 4 and 5,) that Defendant made *no levy* on the debts of Ball which he assumed to sell under the levy of the execution,—that Defendant had no right to sell said property,—that Plaintiff acquired no title to the same, and had received no consideration for the money paid.

The evidence was offered—(see folio 36,)—as *the best evidence*, to show that *no levy* had been made on the property. From the levy should come the Plaintiff's title, if any. The Defendant assuming to sell, and make title in the Plaintiff, by virtue of a levy of execution in the action of *Borup & Champlin vs. Ball*, the records of that action as to this point, to wit, the execution and "return," were the *best evidence* to show whether any levy had been made.

1. Record, or written evidence, where it exists, is the best evidence of the facts appearing thereby. 1 *Greenleaf Ev*, (*passim.*)

2. If it is objected that this is negative testimony, the answer is, there is a large class of cases where the Plaintiff grounds his cause of action upon an allegation negative in its terms, and which he must sustain by positive testimony. *Greenleaf* gives among these, the case (which is the present one,) "where a failure of consideration is set up by Plaintiff in an action to recover the money paid." 1 *Greenl. Ev. Sec.* 81 & 78; *Heat vs. Orono*, 13 *Shepley*, 217.

3. The testimony offered showed positively that *no levy had been made* upon the debts or book accounts of Reuben Ball. A sale of goods under execution will not pass title, or vest property in the purchaser, unless the officer returns all his doings, showing that he has followed the provisions of law in the levy and sale. *Hammatt vs. Wyman*, 9 *Mass.* 138; *Davis vs. Maynard*, 9 *Mass.* 242; *Howe vs. Starkweather*, 17 *Mass.* 240.

And it is not sufficient for the officer to return that he has acted "according to law;" the return must state the officer's doings specifically. *Davis vs. Maynard*, 9 *Mass.* 242; *Lancaster vs. Pope*, 1 *Mass.* 86; *Wellington vs. Gale*, 13 *Mass.* 483; *Castner vs. Symonds*, 1 *Min. R.*, 427; *Dowling vs. Lippincott, Garnishee, No.* 1375, *files Dist. Ct.*, *Ramsey Co.*,— Opinion of SHERBURNE, J., in this very case.

4. This case was a levy on "*debts*, or *book accounts*."—(See folios 2, 7, 14, 15, 18, &c., &c.) No levy on such property could have been made except according to the provisions of the statute. *Stat. Min. p.* 551, *Sec. CXL.* (3); *do p.* 568, *Sec. XCI.*

None of these necessary statutory steps appear from the "return" to have been taken by the Defendant. Therefore *no levy* was made—the property was not taken into possession by the Defendant, and no title on the sale could pass to the Plaintiff.

5. But there was abundant other evidence in the case, to go to the jury on this point.

See testimony of Demmon, (folio 44,) that Defendant had *expressly stated* to him that he had served no copies of the execution, or notice of levy on the debts, on any of the debtors of Ball who owned the accounts.  2. See testimony of Brawley and Foster, (see folios 40 & 41,) that *they* were debtors of Ball, whose debts were advertised and sold, and no such service had ever been made on *them*.  3. Testimony of Brawley generally, that he had received nothing for the money paid by him, (folio 32.)  4. And take in connection with these, the testimony of Demmon and Ball, (folios 44 & 51,) that said debts had been sold to Demmon before the sale, and that the Sheriff had notice of the fact.

*Second.*—2. The Court did not err in permitting the re-call of the witness after he had been once dismissed.  He was recalled to prove a fact distinct and independent of his former testimony.  This was a matter in the discretion of the Court, which cannot be reviewed.  1 *Greenl. Ev., Sec.* 431.

2. The witnesses were not called to prove *irregularities* in the levy, but that *no levy had been made.*

*Third.*—The notice of a "non-suit" was rightly denied. The three grounds of the motion (folios 44 and 45) were all insufficient.

1. It *had* been shown that the levy was "void"—or more properly that there was *no levy.*  1. By the record or written evidence of the Return itself.  (*Folios* 35 *and* 36.)  2. By the positive testimony of Demmon, before alluded to.  (*Folio* 44.)  3. By the testimony of Brawley and Foster, before alluded to, (*Folios* 40 *and* 41)—(introduced, because the sale being "*entire*," and the consideration "*entire*," a failure to make the legal service on one or more of the debts and debtors, would avoid the whole levy and sale.)

36

2. It did *not* appear that a levy had been made. Taking the mere "Book" was no levy on the debts. (*See authorities supra*);—and because the question of "*irregularities*" in the levy did not and could not arise in the case. It was a case not of an *irregular* levy, but of *no levy.*

3. Because the levy *had* been shown to be "invalid," as above stated; and because the pleadings *do* present an issue as to the levy. (*See pleadings.*) The complaint alleges that no levy was made. The answer only alleges that the Defendant "*duly levied*"—which was demurrable, and required no reply. And the reply denies that he "duly levied"—leaving it for the Defendant to prove a due levy in order to justify himself.

*Fourth.*—The order of Judge Sherburne was entirely immaterial and irrelevant to the case. Defendant could only justify under his execution and return. The order gave him no original power or authority. Had there been a due levy at the outset, and had the question, then, been one of a regular or irregular sale, the order, as fixing the form and manner of the sale, would have been material.

*Fifth.*—The so-called "qualification" in the charge of the Court seems to have been quite innocent, hardly affecting, or changing, the purport of the "instruction" asked by the counsel. The counsel asked the Court to charge that—"if the jury find that Plaintiff purchased the accounts with *full knowledge* that no title would pass, the Plaintiff has no remedy." The Court charged that "notice of no title (if any) must be *brought home to the knowledge* of the Plaintiff." The difference is barely perceptible. As there was much conflicting testimony, as to whether Defendant had stated anything at the sale calculated to put purchasers on their guard, the Court, in effect, stated to the Jury the law as usually expressed in the books, that the rule of "*caveat emptor*" applies only where the defect is "brought home to the knowledge" of the vendee. But this was really no case for the application of the doctrine of *caveat emptor;* being neither an action on a warranty, or for deceit, but an action to recover back money on failure of consideration.

*Sixth.*—The Court *had* jurisdiction of the cause of action.

1. A Court has no jurisdiction of a cause of action, only where ; 1. It has no jurisdiction of the *subject matter* of the action : 2. It has no jurisdiction of the *parties* thereto. *Cook vs. Champlin Trans. Co.,* 1 *Denio* 91 ; *Clark vs. Holmes,* 1 *Doug.* 39, (7 *U. S. Dig.* 326); *Earle vs. Raymond,* 4 *McLean* 233, (12 *U. S. Dig.* 386); *Overstreet vs. Brown,* 4 *McCord* 79 (2 *U. S. Dig.* 675); *Brown vs. Webber,* 6 *Cush.* 560.

But it will not be denied that the Court had, at least, jurisdiction of the subject matter of this action, it being "transitory."

2. But the statute (if it makes the action "local," or if applicable at all,) only relates to "change of venue," and not to the jurisdiction of the Court—(*Stats. of Min., p.* 536, *Sec. XL.*)—and its effect is to give the Defendant only a *personal privilege* or *immunity,* which he may *waive,* and has waived, in this case, by pleading over, and going to trial on the merits, in Hennepin county. *See the above cases.* Also *Mayfield vs. Scott,* 17 *Cowen,* 634 ; *Elkins vs. Sams,* 3 *Hayn,* 44 ; *Caudill vs. Tharp,* 1 *Iowa,* (*Greene,*) 94 ; *Kennedy vs. Greer,* 13 *Ill.* 432 ; *Reynolds vs. Stansbury,* 20 *Ohio,* 344 ; *Campbell vs. Wilson,* 6 *Texas,* 399.

Again (generally)—A plea in bar affirms jurisdiction. *Smith vs. Elder,* 3 *Johns.* 105, *and cases cited.*

3. This was not one of the cases intended to be included in the statute provision. The cases there intended are those of actions for *damages for direct acts of malfeasance or misfeasance of the officer ;* and would not include an assumpsit for money had and received.

Also, it is intended to include only cases brought against the officers *while in office,* (which is not this case,) to prevent them being called out of their county while occupied with official duties.

Van Etten & Officer, Counsel for Appellant.

W. W. Winthrop, Counsel for Respondent.

*By the Court*—Emmett, C. J. The Defendant was lately Sheriff of the county of Ramsey, and as such had sold at public

auction, to satisfy an execution then in his hands for collection, certain book accounts, or debts due on account, belonging to one Reuben Ball, the Defendant in the execution. The Plaintiff was the purchaser, at the Sheriff's sale, and commenced this action in the county of Hennepin to recover back the purchase money paid.

The complaint alleges that the Defendant pretended that he had duly levied upon said debts, or book accounts, and had good right to sell the same, whereas he had not in fact levied, and the Plaintiff took nothing by his purchase. The Defendant in answer sets forth the execution upon which the sale was made, and avers that he duly levied the same upon the debts or accounts before mentioned. He denies that he made any representations as to his levy, and avers that the bidders at the sale were distinctly warned that they must run their own risk as to his right to sell.

There are other allegations and denials in the pleadings, but they are not material to the questions presented here.

On the trial, the Sheriff's return to the execution was read in evidence, wherein he certifies that he "levied this execution upon the books of the said R. Ball, the within named Defendant, and sold the same pursuant to law for the sum of two hundred and thirty dollars, and out of the proceeds of said sale satisfied this execution." This return the Plaintiff contended was insufficient, and proved nothing, because it did not set forth specifically the facts constituting the levy; while on the other hand, the Defendant insisted that a general return was sufficient, and was conclusive of the fact of a levy, and could not be impeached in this action.

It is a well established general rule, that the return of a Sheriff, so far as it is evidence of formal proceedings, is conclusive upon parties, privies, and *prima facie* upon strangers, and that it is not liable to impeachment, except in direct proceedings in which the officer is a party. Aside from the fact that the officer acts under oath, and that a party injured by any act or omission has an ample remedy against the Sheriff and his sureties, by an action for a false return, such a rule seems necessary to give validity and effect to the acts of ministerial

officers, and to protect purchasers at judicial sales, who are not supposed to have knowledge of, and of course ought not to be prejudiced by the misconduct or omissions of the officer. All that the law requires of them, is to ascertain whether the officer has a valid writ authorizing him to sell, issued upon a valid and subsisting judgment. Everything else is a matter entirely between the party injured and the Sheriff and his sureties. Any other rule would deter purchasers and prevent property from selling at its real value.

Nor do we consider it necessary, under our statute, that the Sheriff should in his return state the particular or several acts done by him in making his levy. It is sufficient if he certifies, in general terms, that he "levied," and from this all the necessary proceedings will be implied. It was insisted on the argument that the case of *Symonds vs. Castner et al.*, 1 *Min. Rep.* 427, was an authority the other way, but it will be observed upon an examination of that case that the late Supreme Court of the Territory never passed upon the execution. When the case was called up for hearing, the Appellants raised objections to the jurisdiction of that tribunal which were overruled, and thereupon, the Appellants declining to go to a hearing, or to argue the case, before that Court, the decree of the District Court was affirmed under the rules, without an examination of the case. The case cannot, therefore, be said ever to have been adjudicated in any but the District Court, and cannot be considered as authority on the points involved.

In this connection, *Sec.* 91 *of Chap.* 71, *Rev. Stat. of* 1851, has been referred to, and because that section declares that property is not affected by the execution until a levy is made, it is claimed that if the Sheriff omits any act essential to a levy, he cannot aid the omission by a general return, and the property therefore could not legally be sold; but we do not so construe the section referred to. It is as follows :

"All property liable to attachment is liable to execution; it must be levied on in the same manner as similar property is attached; *until a levy property is not affected by the execution.*"

To give the last clause the literal construction above

claimed, any actual omission would be equally fatal to the validity of the sale, whether the act omitted were generally or specially returned as having been done. Under such a construction the Sheriff's return would not be conclusive evidence of any official act connected with the levy, and might always be impeached. We do not think the Legislature intended so radical a departure from the wholesome rule before stated. The clause of the section referred to evidently applies only to a levy upon personal property, or such as is not subject to the lien of the judgment; for as the great object of a levy is to take property into the custody of the law, and by this act of the officer render it liable to the lien of the execution, thus putting it out of the power of the judgment debtor to divert it to any other use or purpose, there could be no possible motive for requiring a formal levy on property which is already subject to the lien of the judgment by virtue of the statute itself, and is entirely beyond the control of the judgment debtor. It seems to us that the clause in question was added to prevent the many and vexatious litigations that might otherwise have arisen out of transfers of personal property made, after the issuing, but before the levy of an execution, by declaring, in substance, that the execution shall not be a lien on such property, or in the exact language of the statute, that, "until a levy property is not affected by the execution."

Had the Sheriff therefore returned, in this case, that he had levied on the several debts in question, we should, in the absence of fraud or complicity with the purchaser, have no hesitation in holding the levy and sale valid, leaving the party injured to his remedy against the Sheriff and his sureties. But he does not so make his return—he simply certifies that he "levied upon the 'books' of the said R. Ball"—not upon the debts due to him on account, nor upon the debts due him from A and B, nor even upon the "account books" of the said Ball. Taking therefore this return to be conclusive as to the facts therein stated, it does not, by any means, show a levy upon the property described in the pleadings, and cannot of itself furnish any defence to this action; and as the question

of a levy was a fact at issue in this case, which the jury upon evidence presented to them, found against the Defendant, we do not feel authorized to disturb the verdict.

After the trial and upon a motion for a new trial, the Defendant raised a question of jurisdiction, claiming that the action could be commenced in Ramsey County only, because the statute provides that an action against a public officer for any act done by him in virtue of his office, must be tried in the County where the cause of action or some part thereof arose.

We have no doubt that had the objection been urged at the proper time, it would have been good, but regarding the statute as conferring a personal privilege only on the officer, which he may waive if he sees proper so to do, we think the objection comes too late.

The other errors assigned are involved in the decision of those already considered.

The order of the District Court denying the motion for a new trial is affirmed, with costs.