Bidwell v. Coleman.

## IRA BIDWELL

*v.*

## ELISHA P. COLEMAN.

A judgment docketed against M. C., jr., by the name of M. C., becomes a lien upon the lands of M. C., jr., and a purchaser of such land from M. C., jr., after the docketing of the judgment, is affected by constructive notice of the lien.

Where a justice enters in his docket "summons returned served by copy, &c.," the entry is authorized by statute, and the presumption is, that the summons was served by leaving copy in the case and manner allowed by law.

The doctrine that a formal levy of an execution upon real property was not necessary, as laid down in *Folsom v. Carli*, 5, Minn. 333, followed.

The certificate given by the Sheriff upon an execution sale, under the law in force in 1856, is competent evidence of the facts and circumstances of the sale stated therein, and is not required to be attested by subscribing witnesses, nor to be under seal; nor was the register of deeds required to endorse a filing upon the duplicate left with him, nor to index it.

A sale of certain lands for taxes, under an advertisement in which such land is described at "⅔ of block 4, in, &c.," is void for uncertainty, and the tax deed given thereon passes no title.

This action was brought in the Ramsey county District Court by the plaintiff, who claimed to be the owner and in possession of certain real estate, to determine the adverse claim of the defendant. The plaintiff claimed title through "Michael Cum-

mings, junior," and the defendant under a judgment against "Michael Cummings," as a prior and better title; this judgment was founded upon a transcript of a justice of the peace, the material parts of which are as follows: *"Jacob W. Bass v. Michael Cummings."*

"November 18, 1852. Summons issued, returnable on the 27th inst., at one o'clock, at my office.

"November 19, 1852. Summons returned served by copy, by officer Brott.

"November 27, 1852. Plaintiff appears in person; no appearance by defendant. Plaintiff states, upon oath, his action to be for the recovery of $22 98, a balance due on a note of hand from defendant for $38 46, dated July 7, 1852, payable one day after date; trial had; one witness sworn and examined on part of plaintiff.

"Whereupon, it is considered by me that plaintiff do recover of defendant the sum of twenty two dollars and ninety-eight cents damages, and $1 55 costs of suit.

"ORLANDO SIMONS,

"Justice of the Peace."

There were two persons in said county by the name of Michael Cummings, father and son; the latter, known as Michael Cummings, junior, was the person who had held the title to the real estate in question, and he was so designated in the conveyance of the same to him. The plaintiff also claimed under a tax title. The cause was tried before a referee, who found, among other things, that Michael Cummings, junior, was the person intended as defendant in said judgment; and reported adversely to the title of the plaintiff, and in favor of defendant's title.

The plaintiff moved the court below to set aside the report of the referee, and for a new trial, upon a statement of the case, which motion was denied, and the plaintiff appeals from the order denying said motion to this court. All the

other matters, essential to an understanding of the case, will be found in the opinion of the court.

HENRY J. HORN, for appellant.

I. The transcript introduced in evidence by the defendant was insufficient to prove the judgment, under which the defendant claimed title.

The transcript does not show jurisdiction in the justice.

It did not show the particular nature of the process; whether in a civil action for money, in replevin, or otherwise. See Comp. Stats., page 498, 522, 523.

It does not appear that Michael Cummings, the defendant, was ever served with the process, or that the justice ever acquired jurisdiction over his person; on the contrary, it appears that said Cummings never appeared, and that summons was not legally served upon him, being returned by the officer "served by copy."

The original summons must be served on the defendant, unless he be not found; in the latter case, a copy may be left at his residence. Comp. Stats., sec. 11, chapt. 59, page 499.

As a question of evidence alone, there is no doubt that such a transcript does not show jurisdiction, and would be insufficient to prove a judgment.

Jurisdiction must appear on the face of the proceedings of an inferior tribunal; no presumption is to be made in its favor.

*Stringham v. Sage*, 5 Ind., (Porter,) 157; *Granite Bank v. Treat*, 6 Ship. 347; *Barrett v. Crane*, 16 Verm. 246; *State v. Shreeve*, 3 Green. 57; *Smucker v. Quick*, 1 Green. 306; *Commonwealth v. Alexander*, 6 Binney, 176; *People v. Koeber*, 7 Hill, 39, 43; *Benn v. Borst*, 5 Wend. 293.

Under our statute, the filing of such a transcript with the clerk of the court merely creates a lien upon real estate, and though such judgment, when docketed, is under the control

of the District Court for the purpose of enforcing the lien, and is to be carried into effect as judgment of the District Court. It is still *but a justice's* judgment, and not properly a judgment of the District Court, and it would seem that execution may be issued by the justice notwithstanding it has been docketed in the District Court. Sec. 88, Chapt. 59, Comp. Stats., page 510.

It must be, therefore, proved as a justice's judgment, and the transcript or exemplification of the record of this judgment must show jurisdiction, or otherwise it must be proved *aliunde*.

Our statute requires the justice to make a record in his docket, (Comp. Stats., page 498, 499,) and the transcript should undoubtedly conform to it, the same being the certified record or exemplification of the judgment. See Sec. 87, Chapt. 59, Com. Stats. 510. To hold otherwise, would be to give greater effect to the transcript of a justice's judgment than to the judgment roll of a court of record. Compare Secs. 75, 76, Chapt. 61, page 556, Comp. Stats.

As to the meaning of the transcript, see Bouvier's Law Dict., title "Transcripts."

The authorities in New York, relied upon confidently by the respondent, are not applicable. In New York the filing and docketing of a justice's judgment, by operation of the statute, becomes "the judgment of the County Court" where it is placed. Revised Stats. New York, 4th Ed., 2d Vol., Sec. 63, page 489. It is, in such case, no longer a justice's judgment.

This is sufficiently explained in *Benn v. Berst*, 5 Wend., 293.

II. There was no proof of a levy under the execution under which the defendant claims, except the recital of a levy in the Sheriff's deed, which was objected to, and admitted under exception.

vol. xi.—6

The levy, it is claimed under our statutes, is as essential as the writ of execution, to give the officer jurisdiction. Until a levy, property is not affected by the execution. Sec. 88, Chapt. 61, Comp. Stats., 569. As to a levy on real estate, see page 148, Chapt. 60, Comp. Stats. 551. *Castner & Hinckley v. Symons*, 1 Minn. 427; *Tillman & Christy v. Jackson*, 1 Minn. 187.

The opinion of Chief Justice Emmett to the contrary, in *Tullis v. Brawley*, 3 Minn. 268, and *Folsom v. Carli*, 5 Minn. 337, are only dicta, as the point did not arise in these cases.

The return of the execution is the record proof of the levy. See authorities last referred to in 3d and 5th Minn.

The recital in the Sheriff's deed of judgment, and the writ under which he sold, is not sufficient; these facts, when material, must be proved, and in establishing a title, the production of the Sheriff's deed is not sufficient. The execution, at least, and the proceedings under it, must be produced. Adams on Ejectment, page 353 (*30) note; *Fenwick v. Floyd's Lessee*, 1 Hare & Gill. 172; 3 Phillips on Evidence, 4th Ed., 614, note; Sec. 316, 2 Greenleaf's Evidence, 310; and if the judgment was against a stranger, the judgment also must be proved. Ibid. As to the effect of recitals, see *Schemerhorn v. Negas*, 2 Hill 335, and 2 Phillips' Evidence, 4th Edition, 574, note; and the recitals of an execution in a Sheriff's deed is unnecessary. *Jackson v. Pratt*, 10 Johns. 381; *Jackson v. Streeter*, 5th Cowen, 529.

III. The plaintiff had no notice of the Sheriff's sale; the Sheriff sold on the 4th October, 1856, and executed his deed November 26, 1857; recorded on the 14th December, 1857.

The plaintiff's mortgage, under which he claims title, was recorded on the 3d November, 1857. The purchaser's certificate was not rendered until 21st July, 1862.

There was no proof of filing the duplicate prior to 1858, except the recital in the Sheriff's deed, and that does not state where it was filed; and such recital is not competent evidence.

Although the omission to file a certificate may not vitiate the sale between the parties, yet it is maintained that the certificate should be recorded, or a duplicate filed, in order to affect a purchaser with notice. Sec. 24, Chapt. 35, page 400 Comp. Stats. Sec. 113, Chapt. 61, page 572, 573, Comp. Stats.

There was no presumption that it had ever been filed, for it was not marked filed, except the fact that it was found in a pigeon hole in the office, in 1858, and no proof whatever that it had been filed earlier than that period. *Jackson v. Chamberlain*, 8 Wend. 620; *Hall v. Nelson*, 23 Barbour 92, 93; Comp. Stats., Secs. 67, 68, page 683.

IV. The certificate had but one witness, and no seal. Sec. 8, Chap. 35, Comp. Stats., page 398.

V. The appellation "Michael Cummings, junior," there being two persons named Michael Cummings—father and son—became material from the fact that the title stands in the name of "Michael Cummings, junior," as a *distinctive name* from "Michael Cummings," who was a different person. The judgment against "Michael Cummings," therefore, did not purport to be a lien upon land of "Michael Cummings, jr.," and a purchaser would not be affected with constructive notice; (there was no actual notice to the plaintiff.) *Gardner v. McClure*, 6 Minn. 250, 264. As to the effect of constructive notice, see *Hayes v. Fuller*, 5 Minn. 508.

It is of little consequence whether the addition "junior" was part of the baptismal name of the person, if he adopted it as his name. See *Gardner v. McClure*, 6 Minn. 264.

VI. The plaintiff proved a valid tax title; the only objection which seems necessary to notice in this title, was an alleged uncertainty in the description in the notice of sale.

It was described as "⅖ of block 4, Bass' out lots." The property sold was the north ⅕ and the south ⅕ of said block.

It appears that the whole lot was assessed entire, but that the tax, or the proportion thereof, was paid on the middle ⅕, leaving the other ⅖ delinquent, and was so marked *on the tax duplicate*, by the Treasurer.

It is claimed that although the description in the notice of sale or delinquent list would appear to be uncertain, to-wit: "⅔ of block 4;" yet, if properly described on the *duplicate, as it was,* the sale is valid. Sec. 33, Chap. 1, laws of 1860, page 60 ; Sec. 47 Ibid. page 63.

GREENLEAF CLARK, for respondent.

I.  The transcript filed in the District Court was amply sufficient to prove the judgment through which the respondent deduced his title for the purpose of this action.  Comp. Stat., Secs. 87 and 88, page 510 ; *Jackson v. Jones,* 9 Cowen 182. See also *Jackson v. Tuttle,* same case, 9 Cowen 233 ; *Jackson v. Rolland,* 6 Wend. 667.

The New York statute, in force at the time of these decisions, was like ours in every essential particular.  Rev. Stat. N. Y., 3d Ed., 2d Vol., pp. 343, 344, Secs. 128—9. This statute is cited in *Jackson v. Jones, supra.*

Upon a critical examination I find that the above cases were decided under statute of 1818, earlier than the one cited, which was passed in 1824.  The character and terms of that statute sufficiently appear from the decisions.

The judgment, as between the parties to this action, is to be considered as a judgment of the District Court, and cannot be drawn in question collaterally.  *Jackson v. Jones,* 9 Cowen, above cited.

The point made by appellant, that the entry "served by copy" indicates that the summons was not legally served, is over strained.

The statute does not require the justice to enter in his docket the fact or manner of service. Comp. Stat., Sec. 7, page 498.

The transcript in this action contains all the requisites required by the statute above cited, and was sufficient to prove

Bidwell v. Coleman.

the judgment for any pupose whatever. Comp. Stat., Sec. 82, page 686.

II. No levy of the execution was necessary. *Tillis v. Brawley*, 3 Minn. 277; *Rohrer v. Turrill*, 4 Id. 407; *Folsom v. Carli*, 5 Id. 333.

III. If a levy were necessary, it will be presumed that it was made in favor of a purchaser, and it need not be proved. *Jackson v. Sternbergh*, 11 John. 512.

IV. It is proved that there was a levy in this case, by the statement of the fact by the Sheriff in his deed. The official acts of a Sheriff may be proved by his certificate or statement, and the levy may as well be proved by a recital in the Sheriff's deed, which is made in his official capacity, as by the return on the execution, which is also made in his official capacity.

The Sheriff's return is not necessary to show title, under execution. *Jackson v. Sternbergh*, 1 John. Cases 153; *Wheaten v. Sextan*, 4 Curtis U. S. 454.

V. The Sheriff's certificate was properly filed when it was deposited with the Register of Deeds. That constituted the fact of filing. It was not necessary that any memorandum of the fact of filing should be indorsed on the paper. *Bishop v. Cook*, 13 Barb. 326; *Dodge v. Potter*, 18 Barb. 193; Bouvier's Law Dictionary, "File."

There being no memorandum of the filing on the certificate, it became necessary to establish, by evidence, *aliunde*, that it was filed the proper time. This was a pure question of fact, and the referee determined it in favor of the respondent.

It is well settled in this court, and elsewhere, that a finding of fact will not be disturbed if there is any evidence to support it. *Martin v. Brown*, 4 Minn. 282; *Kumler v. Furguson*, 7 Id. 442; *Heinlin v. Fish*, 8 Id. 70; *Caldwell v. Bruggerman*, 8 Id. 282.

VI. No seal or witness to the certificate was necessary. Comp. Stat., Sec. 113, page 572.

The word "certificate" does not import a seal. The certificate is only intended to preserve the evidence of the sale until the period of redemption has expired, when the "deed" which passes the title, may be given. It need only have the formalities required by statute.

VII. "Junior" is no part of a man's name. *Blake v. Tucker*, 12 Vt.. 39; *Jameson v. Isaacs*, 12 Id. 611; *Allen v. Ogden*, 12 Id. 9; *Cobb v. Lucas*, 15 Pick. 7, 9; *Kinkaid v. Howe*, 10 Mass. 203; *Commonwealth v. Perkins*, 1 Pick. 388; *People v. Collins*, 7 John. 549; *People v. Cook*, 14 Barb. 259.

VIII. The tax deed is void, because—

1st. The amount for which the land in question, viz: N. ⅓, lot 4, Bass, out lots, was offered for sale, was never assessed thereon. It included taxes on buildings situated on another part of the lot.

2d. The notice of sale was insufficient, inasmuch as the property in question was not described in it with sufficient certainty, or any certainty at all.

*By the Court*—BERRY, J. Both parties to this action deduce title to the land in question from the common source of a conveyance, in which the grantee is designated as Michael Cummings, junior. At the time of the commencement of the action in which the judgment hereinafter mentioned was recovered, and ever since, there were two persons residing in St. Paul by the name of Michael Cummings, father and son, the latter of whom was the grantee aforesaid. The judgment, which is the foundation upon which the respondent builds his title, was recovered against Michael Cummings, junior, by the name of Michael Cummings, and the execution issued thereon, with the certificate of sale and Sheriff's deed, describe him as Michael Cummings, without the addition "Junior." The appellant seeks to make his title through a conveyance executed subsequently to the docketing of the judgment above mentioned, in which the grantor names himself Michael Cum-

mings, junior, and is in fact the same person against whom the judgment was rendered. Under this state of facts, the appellant, claiming to be a *bona fide* purchaser, insists that the judgment and proceedings thereon against Michael Cummings by name, as they appear of record, were not notice to him of any lien or claim against the real estate of Michael Cummings, junior. In other words, he insists that junior was an essential part of the name, or essential to a proper designation of the judgment debtor. The point is untenable, for it is too well settled to admit of discussion, that the addition junior forms no part of a man's name. *Com. v. Perkins*, 1 Pick. 387; *Cobb v. Lucas*, 15 Pick. 9; *Kinkaid v. Howe*, 10 Mass. 204; *People v. Collins*, 7 Johns. 553. And it is to be observed, in passing, that some of these authorities hold that even in criminal, or quasi criminal cases, where great certainty is ordinarily required, the omission of the addition "junior" is immaterial. It is further contended, on behalf of the appellant, that no competent evidence was offered to establish the judgment of the Justice. The evidence presented for that purpose was a transcript, which is made effectual to prove the facts stated therein, by section 82, page 686, Pub. St. On the point that the transcript does not sufficiently specify the nature of the process issued by the Justice, we have no doubt that it shows a substantial compliance with the requirements of the statute in reference to the entry which must be made upon the docket on this subject. But the principal objection urged by the appellant, under this head, is, that it does not appear that the Justice acquired jurisdiction of the person of the judgment debtor, or, rather, that it does appear that he did not acquire such jurisdiction. This objection is, of course, based upon the principle that a Justice's Court is an inferior tribunal, and, therefore, its jurisdiction must affirmatively appear, and is not to be presumed. As shown by the transcript, the minute made in his docket, and which it is clear the Justice was authorized to make, under subdivision 11, section

7, page 499, Pub. St., where it is provided, that he shall enter in his docket, in addition to other matters . particularly enumerated, "such other entries as may·be material," is as follows: "Nov. 19, 1852. Summons returned, served by copy, by officer Brott." There are two cases in which a copy may be used in effecting service. One, where personal service is made by reading the summons, and delivering a copy if rejected. The other, when personal service cannot be made, and so service is authorized to be made by leaving a copy. In the latter of these cases only can it be said that service is made by copy, for it is too plain for argument, that in the former case the service is *not* made *by copy*. When, then, a Justice of the Peace enters upon his docket, "summons returned served by copy, &c.," it is fair to presume that service was so made in the case and in the manner pointed out in the law. *Hughes v. Mulvey*, 1 S. & S. C. R., is precisely in point. See also *Legg v. Stillman*, 2 Cowen 418; 3 Minn. 277; 4 Ib. 407; 5 Ib. 333. We conclude, then, that the jurisdiction of the Justice was sufficiently shown by the transcript. This conclusion renders it unnecessary for us to consider another question raised on the argument, as to what the status of a Justice's judgment may be after a transcript has been filed in the District Court; whether it becomes, to all intents and purposes, a judgment of the District Court, and enjoys the benefits of the same presumptions on the score of jurisdiction as if originally entered in the District Court, we shall not now determine. The appellant further insists that no competent evidence of a formal levy of the execution was offered before the referee, and that, therefore, the respondent failed to establish an indispensable link in his chain of title. The statute, by which it is claimed that a formal levy upon real property was rendered necessary, is repealed on page 283, Sess. Laws, 1860. It has already received a construction in *Tullis v. Brawley*, 3 Minn. 277, which was decided in 1859, while the statute was unrepealed, in *Rohrer*

*v. Terrill,* 4 Ib. 407, and in *Folsom v. Carli,* 5 Ib. 333. In the latter of these cases, at least, the question of the necessity of a levy was directly involved, and that part of the opinion of the court, in which it is distinctly held that there need be no formal levy of an execution upon real estate, cannot be called an *obiter dictum.* Whatever we might feel called upon to do if the matter were *res integra,* or the law were now in force, we shall not now disturb what may properly be regarded as a rule of property. Entertaining these views, we deem it entirely immaterial what effect is to be given to the recital of levy in the Sheriff's deed or certificate. Upon the trial before the referee, no return upon the execution was put in evidence, but so far as it is necessary to show the facts and circumstances of the sale, there could be no better evidence than the certificate of sale prescribed by statute. This certificate is not required to be attested by subscribing witnesses, nor to be executed under seal. It is contended by the appellant, that no proof was made sufficient to establish the fact that the certificate of sale was filed with the Register of Deeds prior to the acquisition of title set up by the appellant, so as to bind him by constructive notice of the respondent's rights under the sale. So far as the endorsing of a memorandum of the filing upon the certificate is concerned, we do not find that such memorandum was required by statute, though it would certainly be desirable for obvious reasons. And it may be doubted whether even if such memorandum was required, the omission of the Register to make it, would have prejudiced the respondent's rights. Neither do we find that there was any provision of law requiring the Register to index the certificate. The language used by the referee, in his finding of facts, may not, perhaps, fix the time when the certificate was filed, with the utmost precision, yet we think a fair construction of it, in itself, taken in connection with the construction evidently put upon his own language by the referee himself, in his conclusion of law relating to the same point, and show-

ing in what sense he made use of that language, places beyond question the fact that the referee *finds* that the certificate was filed prior to the time when Michael Cummings, junior, made the conveyance through which the appellant deduces his title. The appellant interposed a motion below to set aside the report of the referee on the ground, among others, that the evidence was insufficient to justify the finding as respects the filing of the Sheriff's certificate, and it is from an adverse decision of this motion that he appeals to this Court. If there was any evidence before the referee, reasonably tending to show the fact of filing, we should not be inclined to disturb the finding. See *Russell v. Minn., outfit,* 1 Minn. 162. In the first place, the referee had before him the testimony of Banker, who, while preparing a general abstract of titles, discovered the certificate on file in 1858, and noted the fact on his abstract books. There was also the testimony of Patridge as to finding the certificate on file, with other papers of a similar character, in 1862, and as to the fact of the delivery of a certificate to him by the Sheriff, which had been lost, but was proved to be like the duplicate on file. Again, there was to be considered the presumption that the Sheriff had performed his official duty by filing the duplicate within a reasonable time, and we are not prepared to say that, in the absence of anything to the contrary, this presumption might not be held conclusive. See *Jackson v. Shaffer,* 11 Johns. 516; *Hartwell v. Root,* 19 Johns. 347. On the other hand, no evidence was offered tending to show that the duplicate was not filed immediately after the sale. Although this state of facts may not produce absolute certainty of conviction, or remove every reason for doubt, it clearly had a tendency to establish the fact of filing as found by the referee, and we do not feel warranted to set aside his report for insufficiency of evidence to justify his finding in this regard. The appellant, in addition to his title, under the conveyance from Michael Cummings, jr., sets up a tax title; and it appears that the

Bidwell v. Coleman.

advertisement of sale, upon which the tax title is based, described the premises in question, together with other land, as two-thirds of block four, in Bass' out lots. This is not a description of any particular parcel of land. It is a description which might or might not include the north third of block four, the land in litigation in this action. It has repeatedly been determined that such a description is bad for uncertainty. See cases cited in Blackwell on Tax Titles, 1st Ed. 266, 271, inclusive. The sale was, therefore, void, and passed no title to the appellant. In addition to this, it appears that the whole of block four was assessed at \$1,800 for the land, and \$800 for improvements ; that almost all of the improvements were situated upon the middle third of the block ; that one Thompson, claiming an interest in the middle third, paid nine-twenty-sixths of the tax assessed on the whole block, took a receipt in full for the payment of taxes on that third, and the tax thereon was cancelled by the Treasurer. Under this state of facts, two thirds of the block were returned delinquent for an undue proportion of the original tax. This was clearly a violation of that provision of our Constitution which requires taxes to be equal, and to be levied upon a cash valuation, and furnishes an additional ground for attacking the tax sale.

The order denying the motion to set aside the report of the referee, and for a new trial, is affirmed, and the action remanded.