### Reichley v. Mellott.

*John R. Jackson* and *Edmund Wingerd*, for plaintiff.
*Walter K. Sharpe* and *John P. Sipes*, for defendant.

McPHERSON, P. J., Aug. 19, 1929.—In the trial of the above-entitled cause the question of the identity of the tract in dispute with the tract assessed and sold under proceedings to collect taxes was left to the jury under the testimony admitted. The jury found in favor of the plaintiff and against the defendant. The records in the county commissioners' office showed the following: The assessors' list for 1908, 1909, 1910 and 1911 for Todd Township, Fulton County, Pa., showed an assessment in the name of John Britton, Jr., warrantee, of 288 acres, valued at $288; that upon this assessment county taxes were levied for the corresponding years at the rate of 5 mills on the dollar; that returns of the tax collector of Todd Township of taxes unpaid on unseated lands were filed in the office of the county commissioners in the various years in the name of John Britton, Jr., and John Britton. It also appeared by the records of the Land Office of the State of Pennsylvania that in Fulton County there was no warrant issued in the name of John Britton or John Britton, Jr., except a warrant located in what is now Todd Township, Fulton County, to John Britton, Jr., for 404 acres.

The county treasurer's tax book shows the sale for taxes of a tract of land in the name of John Britton, warrantee, 404 acres, to the county commissioners in the month of June, 1912. Later, there was a sale by the county commissioners of the land so purchased to W. L. Moseby in August of 1919, which tract was sold as a tract in the name of John Britton, warrantee, 404 acres.

The defendant objected to the introduction of the records of the Land Office of Pennsylvania which were offered by the plaintiff for the purpose of show-

ing that no warrant was issued by the State for land in Fulton County in the name of John Britton or John Britton, Jr., except the tract of land warranted to John Britton, Jr., for 404 acres, located in what is now Todd Township, Fulton County.

The plaintiff further contends that, with this evidence out of the case, there is no evidence among the records of the commissioners' office which would identify the tract of land sold for the collection of taxes; that the land assessed in the name of John Britton, Jr., warrantee, of the area of 288 acres, is no record evidence of the identity of that tract with the tract sold as land warranted to John Britton for 404 acres; that the question of identity should not have been submitted to the jury, and that the verdict of the jury should be set aside and judgment should now be entered in favor of the defendant.

As to the admission of the records of the Land Office of the State of Pennsylvania, we are of the opinion that they were properly received for the purposes for which they were offered. These records seem to have been recognized by the courts as admissible for the purpose of showing negatively certain facts, because they contain no record of certain documents which had to be recorded in such record. Such records for such purposes were received in the case of Struthers v. Reese, 4 Pa. 129, 131. And in the case especially relied upon by the defendant in support of this motion, namely, Auman v. Hough, 31 Pa. Superior Ct. 337, 341, it is clearly stated that records of the Land Office were there admitted for the purpose of showing that there was no tract of unseated land in the County of Clinton warranted in the name of "Thomas Carothers." Under these authorities, we are of the opinion that these records were properly admitted.

The question, therefore, remains as to whether or not, under the state of the records, there was any record evidence in the commissioners' office which furnished a source of identification of the land in question or would lead to the identification of the land in question with the land sold and the question of the identity should have been submitted to the jury. It has been ruled that the suffix "Jr." is not part of a man's name, and that where the only difference between two names is the addition of such a suffix, both names are presumed to refer to the same person until the contrary is affirmatively alleged and proved: 29 Cyc., 268. If this be the law, then the assessment of the property in the name of John Britton, Jr., was sufficient to identify the land assessed with the land sold for taxes, or at least was sufficient as a source of identification, to be corroborated by any other testimony that might be produced, to have the question of identification submitted to the jury.

In support of the construction that the suffix "Jr." is not a distinctive part of a man's name, we rely on the following cases: Brainard v. Stilphin, Jr., 27 American Decisions, 532; Johnson v. Ellison, 16 American Decisions, 163; Litchfield v. Farmington, 7 Conn. 100.

If the suffix "Jr." is no part of a person's name, it would seem that an owner of land, the warrantee of which was John Britton, Jr., would be put upon notice that his land would be sold for taxes when in the proceedings for sale of land it was designated as land of John Britton, warrantee.

In Bidwell v. Coleman, 11 Minn. 78, the Supreme Court of Minnesota held that where a deed ran to A. B. Jr., and A. B. Jr. conveyed to C., C. must take notice of a judgment entered against A. B. while A. B. Jr. owned the property, as "Jr." is no part of a name.

In Clark v. Groce, 41 S. W. Repr. 668, it was held that, where a patent to land was issued to the heirs of Jared E. Groce and proceedings in probate court were an administration of Jared E. Groce, Jr., the word "Jr." was no

part of the name and the identity of the estate with that of the patent was sufficiently shown.

The case of Auman v. Hough, relied on by the defendant, is not analogous to the instant case, as in that case there were two names, different both as to the surname and to the given name, and under those circumstances the court held that there was no record evidence of identification for the purpose of sending the question of identification to the jury for determination.

Under the facts as above outlined, we are of the opinion that the question of identification of the land with the land sold was a matter for the jury and could not have been withdrawn from their consideration. Their verdict that there was an identification established by the evidence in question is supported by the evidence itself, and the court is without authority or power to grant the motion of the defendant.

And now, Aug. 19, 1929, the motion of the defendant is overruled, and it is directed that judgment be entered in favor of the plaintiff and against the defendant on the verdict rendered upon the payment of the jury fee.