# DECISIONS

OF THE

# SUPREME COURT OF FLORIDA.

## JANUARY TERM, A. D. 1877.

J. S. DUPUIS, PLAINTIFF IN ERROR, VS. J. J. THOMPSON, DEFENDANT IN ERROR.

1. Pleading over after judgment upon demurrer, and taking issue upon or replying to the pleading, is a waiver of the demurrer.

2. The entry of the grounds of a motion for new trial upon the motion docket, is a filing of the reasons for such motion with the Clerk as required by the statute.

3. The rules of practice of the Circuit Court require notice of a motion for new trial, and where the party fails to give such notice, the court may properly refuse to consider the motion.

4. A motion for new trial is not a waiver of exceptions, and if for any reason such motion cannot be considered in this court, and the exceptions during the trial are properly embodied in the record, we can review the rulings of the Circuit Court in this respect. As to this matter the case then stands substantially in the same attitude that it would have been before the statute authorizing a review by this court of the rulings of the Circuit Court upon a motion for new trial.

5. After a deed has been offered and read in evidence to the jury without objection, and the party offering it in evidence has closed, it is too late to insist upon the formal proof of its execution.

6. Where a charge embraces several distinct propositions, a general exception to the charge is not available if any one of the propositions is correct.

7. The legal presumption is that an officer does his duty when acting under a general power, such as a sale under *fi. fa.* A party claiming under a sheriff's deed of this character, need not prove the advertisement when he puts in evidence the judgment, the execution, the

levy, the return of the sheriff, and his deed reciting due and legal advertisement and sale.

Writ of error to Circuit Court for Alachua county.

The opinion of the court contains a sufficient statement of the facts of the case.

*S. Y. Finley* and *O. A. Myers* for Plaintiff in Error.

*Thomas F. King* for Defendant in Error.

MR. JUSTICE WESTCOTT delivered the opinion of the court.

This action is ejectment. To the declaration which was drawn in strict conformity with the statute upon the subject there was a demurrer, which being overruled the defendant filed pleas, and to these pleas the plaintiff interposed the general replication. Afterwards the defendant filed, with leave of the court, a plea *puis darrein continuance*, and to this plea plaintiff filed "joinder and replication." There was a verdict for plaintiff and motion for new trial by defendant. A hearing of this motion was denied, the motion was overruled, and there was judgment for plaintiff, awarding writ of *habere facias possessionem* and damages. To this judgment defendant Dupuis takes this writ of error.

The first error assigned is the judgment of the court overruling defendant's demurrer to plaintiff's declaration. The defendant having "plead over," he waives his exception to the ruling upon the demurrer, and the matter cannot be reviewed in this court. 6 Fla., 516; 8 Fla., 206, 453; 14 Fla., 497; 5 How., U. S., 29; 3 Stewart, 444.

The next error assigned is the refusal of the court to set aside the verdict and award a new trial. The entry in the record showing the action of the court upon the motion for new trial is as follows: "And the said motion having been brought before the court for a hearing on the 7th day of

April, A. D. 1875, the plaintiff's attorney objected to the court considering the same on the ground that no notice of said motion had been given to the opposite party, and no reasons in writing for making said motion had been filed with the clerk, which objection the court sustained. The court then overruled said motion for a new trial, and to these rulings the defendant excepted."

The statute provides that "no motion for a new trial shall be made unless the party intending to make the same shall file his reasons with the clerk in writing, and cause his motion to be placed upon the motion docket within four days after the verdict shall have been rendered and during the same term." Thomp. Dig., 351.

In this case the reasons or grounds of the motion follow the entry of the motion on the motion docket, and that is a sufficient filing with the clerk. It is not required that a *separate* statement of the reasons for the motion should be filed with the clerk. If the grounds of the motion are on the motion docket, that docket being in the custody of the clerk, it is a compliance with the law. The objection, however, that no notice of the motion was given to the opposite party was a good objection to its consideration. The 53d rule governing the Circuit Court in common law actions provides that "motions required by law, or by these rules, shall be in writing, and due notice given to the opposite party;" and the 41st rule requires such motion to be entered upon the motion docket. If it appeared affirmatively upon this record that the motion was made in open court in the presence of the opposite party, this would be held due notice, or if the record was silent upon the question, and there was a hearing, that would be sufficient, but where it affirmatively appears that no notice was given, we cannot set aside the action of the Circuit Court in enforcing a plain, simple rule of practice prescribed by this court. The court, in disposing of this question, "overruled" the motion, and

it may be insisted that this involved a consideration of the grounds upon which it was based. An examination of the entry, however, will show that the objection for want of notice was the ground of the action of the court, and while the entry might have stated more clearly that the court *refused to consider* the motion, still a fair construction of the record gives it that effect.

The other errors assigned are based upon exceptions taken during the progress of the trial. In some of the State courts, and in some of the courts of the United States, it has been held that a motion for a new trial is a waiver of the exception taken to the rulings during the progress of the trial. 5 Mason, 173; 1 Mass., 237; 3 Ark., 144; 4 Ark., 89; 10 Ark., 246; 2 Chit., 272; 2 Black., 929; Cowp., 151; Loft., 262. Before the act of 1853 (Chap. 521, Laws,) the decision of the Circuit Court upon a motion for a new trial was held by this court to be a matter of discretion not subject to review. 4 Fla., 356. This statute having granted this right, it has been the constant practice of this court to review such decisions, and in connection with them exceptions to matters occurring during the progress of the trial, which were before this statute the proper subjects of review, and which, upon a writ of error from the Supreme Court of the United States, were the proper subjects of review in that court, although in that court the rule was and is that the matter of granting a new trial by the Circuit Court of the United States would not be reviewed. The Supreme Court of the United States has held in several cases that a motion for a new trial is not a waiver of exceptions, (4 Wall., 182, 6 How., 179,) and this is the rule in this State. While this court has not expressly ruled upon the point, yet it has by its uniform practice disregarded the idea that a motion for a new trial in the Circuit Court is a waiver of exceptions. We have, therefore, in this case left for our consideration the errors assigned, based upon excep-

tions taken to the action of the court during the progress of the trial. We cannot consider here the objection that the verdict was contrary to law, or to the evidence, or to the instructions of the court, or any objection to the sufficiency or weight of the evidence, or that the damages awarded were excessive, because the only remedy for these matters was the motion for new trial, which was not heard by the court, and which is not here for review. 9 Pet., 483; 3 Wall., 240.

What are these exceptions? The first exception of the defendant is to the ruling of the court to the effect that after a deed has been read to the jury without objection, and the party offering it in evidence had closed his testimony, it was too late to insist upon formal proof of its execution. This ruling was correct. By not requiring proof of its execution when the deed was offered, the party waived any right which he.may have had. 5 Fla., 268, 284; 17 Mich., 48; 4 Dall., 424; 30 Vt., 90.

The next exception is to the testimony of the plaintiff as to the rental value of the land. It was objected to upon the ground that it was conjectural. He testified that "he thought the yearly rents of said land were reasonably worth one dollar per acre, and estimated the cleared land at 500 acres." This exception is not insisted upon in argument here, and no attention is given the subject in the briefs of counsel. This testimony is not as accurate as would have been that of a surveyor who had, by actual measurement, determined the amount of land, but we know of no rule of law which renders it inadmissible because it is not so absolutely certain and accurate. It was pertinent and relevant to the questions involved in the issue, and was properly admitted.

The next exception is a general exception to the charge of the court. This charge embraced four distinct propositions, and this general exception is not available if any one

of them is correct. 14 Fla., 492; 1 Black., 209; 3 Seld., 273.; 2 Ker., 213. One of these instructions is to the effect that if the defendant failed to insist upon proof of the execution of a deed, when it was offered and received in evidence, he could not subsequently object on the ground that its execution had not been proved. This instruction was certainly correct, and for this reason this general exception must fail. The next exception disclosed by the record was the refusal of the court to give the portion of the following charge which is embraced in parenthesis: "If the plaintiff fails to prove the advertisement of sale as required by law, which it is incumbent on him to prove as a link in his chain of title, he fails to make out his title, and the jury should find for the defendant when the plaintiff does not prove the advertisement.. (The exhibition of the deed is not sufficient; the recitals in the deed must be proved to the satisfaction of the jury, and the advertisement is necessary to plaintiff's title, and must be proved by evidence other than the recital in the deed.)"

The court very properly refused to give this instruction. There was in evidence here the judgments, the executions, the return of the sheriff, the levies and the deed of the sheriff reciting due advertisement and sale. This was more than. sufficient. In sales under execution, under the circumstances recited, it is not necessary to prove the advertisement.. The presumption of law is that the sheriff did his duty in this respect when acting under a general power. 1 Tenn,. 348; 3 Yerg., 308; 53 Penn. State, 302; 3 Jones (N. C.) Law, 135; 3 Mon., 271; 2 G. & J., 359; 1 Phil. on Ev., 177.; 2 ib., 429; 6 Ind., 80–1; 2 Ind., 465; 5 Hill, 228; 3 Minn., 277; 5. Maine, 333; 22 Barb., 656. There is a well settled difference between the case of a sale by a sheriff under a judgment and execution, by virtue of a general power vested in the officer to sell under *fi. fa.*, and a sale under a special power to. sell in particular cases. The case cited by

counsel (7 Conn., 88,) is of the last character, and is not applicable here. Presumptions do operate as to acts necessary in the execution of a general power of the character here in question.

This disposes of all the questions which this record, according to the rules of practice controlling the subject, presents for our consideration.

It was insisted in argument that the plaintiff in this action was a purchaser of this real estate at an execution sale against a defendant in execution, with actual notice by the purchaser at the time of the judgment that the defendant in execution had given a mortgage upon the property to the lessor of the defendant in this action, and that defendant claimed through a sale under the mortgage of which the plaintiff thus had notice. In other words, that the plaintiff was a purchaser at an execution sale with notice of a mortgage by defendant in execution prior to the judgment, under which he purchased, and that defendant here claims under such mortgage. It was also insisted that plaintiff, who claims title through an execution sale, failed to show that the defendant in execution had any title or interest in the property sold, and that such proof was necessary, although both parties claimed through the defendant in execution.

Neither of these questions are presented by the record, as the motion for new trial cannot be considered for the reasons already stated. For want of notice the Circuit Court refused to consider it, and its action was in accordance with the plain rule controlling the subject. The only question here as to that motion is, did the court properly refuse to hear it? Having determined that, its action in that respect was in conformity to the rule; that is an end of the matter.

The judgment is affirmed.