PETER ERNEST, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. "Premeditation " is defined as meaning, intent before the act, but not necessarily existing any extended time before the act. " Premeditated design," as used in the statutes relating to homicide, means an intent to kill, design means "intent," and both words imply premeditation.

2. The question of premeditation is a question of fact and not of law, and like all other facts, it must be determined by the jury.

3. A charge to a jury, that " on the subject of malice or a premeditated design, I instruct you that when a killing is proved the law presumes that it was done from a premeditated design, unless it shall appear from the evidence, either on the part of the defence or the State that there was excuse or justification ; and in the absence of explanation, the law implies malice, or a premeditated design from the use of a deadly weapon: *Held*, To be error.

4. It is not in cases of a doubt, created by the evidence, in the minds

of the jury, 'that they are to acquit a prisoner on trial, but it must be a reasonable doubt, one conformable to reason, a doubt which would satisfy a reasonable man. It is said to be, "that state of the case which, after the comparison and consideration of all the evidence, leaves the minds of jurors in that condition that they cannot say they feel an abiding conviction, to a moral certainty, of the truth of the charge."

Writ of error to the Circuit Court for Leon county.

The facts of the case are stated in the opinion.

*John S. Beard* for Plaintiff in Error.

*The Attorney-General* for the State.

MR. JUSTICE VANVALKENBURGH delivered the opinion of the Court.

At the spring term of the Circuit Court held in and for Leon county, in March, 1883, the plaintiff in error, Peter Ernest, was indicted for the murder of John, *alias* Jack, Perry. At the same term of the court, the defendant having been duly arraigned, plead not guilty, and was tried and found guilty.

The counsel for the defendant moved for a new trial, which was denied by the court, and he brings his case here on writ of error.

The errors assigned are as follows:

The court erred in charging the jury:

1st. "If you believe from the evidence that at the time and place mentioned in the indictment the defendant unlawfully killed the deceased from a premeditated design to effect his death, and such killing was done at a time and under such circumstances, when the defendant had no reasonable grounds to apprehend a design on the part of deceased to commit a felony or do defendant some great per-

sonal injury, and there was imminent danger of such design being accomplished, you should find defendant guilty of murder in the first degree."

.2d. "On the subject of malice or a premeditated design, I instruct you that when a killing is proved the law presumes that it was done from a premeditated design, unless it shall appear from the evidence, either on the part of the defence or of the State, that there was excuse or justification, and in the absence of explanation the law implies malice or a premeditated design from the use of a deadly weapon."

To such charge of the court the defendant excepted.

The court erred in refusing to charge the jury as requested by the defendant's counsel, as follows, to which refusal thus to charge the counsel for defendant excepted.

1st. That the *corpus delicti* must be proved, *i. e.* the body of the offence, the substance of the crime, the substantial and fundamental fact of the commission of the crime, which includes in law that the effect proved is the necessary consequence of the cause charged in the indictment. In this particular case that the deceased died from the effect charged in the indictment; if the jury have any doubt upon this point, that it is their duty to acquit.

2d. If the jury have any doubt as to the immediate cause of death, it is their duty to acquit. It is a peculiarity of the disease, from which it appears by the evidence was the immediate cause of the death of the deceased, viz: tetanus or lockjaw, that it is often spontaneous or idiopathic, having no assignable cause for its appearance, and that it is often the effect of slight and imperceptible causes, and if the jury think that it could have in this case been spontaneous or idiopathic, the cause of exposure, or from any cause disconnected with the wound in the neck, it is their duty to acquit. If they believe the tetanus or lockjaw to

have been caused by any wound other than the one in the neck, or if they have a reasonable doubt upon any of these points, it is their duty to acquit.

3d. If from the evidence they have a reasonable doubt as to the prisoner having inflicted the wound in the neck, it is their duty to acquit. The prisoner is entitled to the benefit of every reasonable doubt.

The counsel for the defendant further insists that the court erred in refusing to grant the motion for a new trial upon the following grounds :

1st. The verdict is contrary to law.

2d. The verdict is contrary to the evidence.

3d. Discovery of new and material evidence.

4th. The Judge's charge was contrary to law.

There is nothing in the record to show that there had been any proof before the court of " new and material evidence " to be introduced on the part of the defendant. The record is entirely silent upon this question and it cannot therefore be considered here.

The statutes of our State upon the subject of homicide provide as follows :

" SECTION 1. The killing of a human being without the authority of law, by poison, shooting, stabbing or any other means, or in any other manner, is either murder, manslaughter or excusable or justifiable homicide, according to the facts and circumstances of each case.

" SEC. 2. Such killing, when perpetrated from a premeditated design to effect the death of the person killed, or any human being, shall be murder in the first degree, and the person who shall be convicted of the same shall suffer the punishment of death. When perpetrated by any act imminently dangerous to others, and evincing a depraved mind, regardless of human life, although without any premeditated design to effect the death of any particular individual,

it shall be murder in the second degree, and shall be punished by imprisonment in the State Penitentiary for life. When perpetrated without any design to effect death, by a person engaged in the commission of any felony, it shall be murder in the third degree, &c.

"Sec. 4. The killing of one human being by the act, procurement or omission of another, in cases where such killing shall not be murder, according to the provisions of this Chapter, is either justifiable or excusable homicide, or manslaughter." Chap. 1637, Laws 1868 ; McClellan's Digest, p. 350.

We can discover no error in the charge of the court as set out in the first alleged error in the defendant's assignment. That clause so excepted to is complete in itself and covers the entire question of murder in the first degree. The Judge says : " If you believe from the evidence that at the time and place mentioned in the indictment the defendant unlawfully killed the deceased from a premeditated design to effect his death," the defendant not having reason to apprehend a design on the part of deceased to commit a felony, or do defendant great personal injury, then the jury should find the defendant guilty of murder in the first degree.

This charge is clearly within the definition of murder in the first degree as found in the second section of the statute above cited, and in it there is no error.

The second clause of the charge of the court so excepted to, viz : " On the subject of malice or a premeditated design I instruct you that when a killing is proved the law presumes that it was done from a premeditated design, unless it shall appear from the evidence, either on the part of the defence or the State, that there was excuse or justification, and in the absence of explanation the law implies malice or a premeditated design from the use of a deadly weapon,"

we think is clearly error.   The word "malice" is not found in our statutes relating to homicide.   Premeditation is defined as meaning intent before the act, but not necessarily an intent existing any extended time before the act. "Premeditated design," as used in the statute, means an intent to kill, design means intent, and both words imply premeditation.

In the case of Dukes vs. The State, 14 Fla., 499, this court in discussing this question uses this language : " If every homicide shall be presumed to be murder until the perpetrator show that the act is not murder this emasculates the statute ; for the design of the statute is to require that the degree or quality of crime shall be established by the proofs.   The common law says the killing is murder ; the statute says the *unlawful* killing is murder, manslaughter or not criminal at all, according to the facts and circumstances.   And so it is to be ascertained from *all* the facts and circumstances whether any crime has been committed, and it cannot therefore be allowed that a man shall be adjudged guilty of the highest crime upon proof of only one of the ingredients, the single fact of killing being but one ingredient of the crime.   *   *   *   *   The *degree* of crime, the *quality* of the act, must under this statute be determined, not alone upon a general presumption from an act but upon the application of reason and judgment to all the facts proved, and thus to determine with what mind and intent the act was committed.   It is not assumed that all premeditations must be ignored, or that no presumptions can be invoked in establishing the criminal intent, but only that under this statute the presumption must be one of fact, to be drawn by the jury from the proof of the circumstances attending the homicide, and not from the homicide alone.   The principle involved is that all presumptions are in favor of innocence, and that the animus must be inferred

from the manner of the commission of the act and the conduct of the accused and other circumstances of the case.

In the case of Savage and James vs. The State, 13 Fla., 909, this court says: "The question of premeditation is one of fact, like all other facts, to be determined by the jury. If the killing was done with premeditation it would be murder in the first degree. If such premeditation in fact preceded the act it gave character to the crime, but it was for the jury and not the court to determine this question. It is not a question of law for the court but a question of fact for the jury. This fact in this case was not submitted by the court, but was by it expressly determined in its charge.

The evidence in this case showed that the deceased came to his death by tetanus or lockjaw caused from a wound in the neck, the wound having been made by the defendant with a razor. That there are two kinds of tetanus, traumatic, which is caused by wounds, and the idiopathic, which comes from exposure to the cold or wet, or it may be spontaneous without any assignable cause. The deceased had an incised wound in his neck. That punctured wounds in the extremities are more apt to cause tetanus than incised wounds in the neck, head or breast. That it is not unlikely tetanus should come from small and imperceptible wounds, punctured wounds in the head or foot. That deceased was a very imprudent patient. That if he had not been so imprudent he probably would not have had tetanus. He came out two days before his death contrary to the positive instructions of his physicians. The physician who attended him says: " I think that the wound in the neck was the cause of tetanus." In view of such evidence it was right and proper that the court should have charged the jury upon the points as developed by the evidence. The substance of the matter proposed by the counsel of the

defence was eminently proper.   The form, however, in which they are propounded may be obnoxious to criticism. It is not in cases where there is a simple doubt that juries are to acquit, but it must be a " reasonable doubt," that is, conformable to reason, a doubt which would satisfy a reasonable man.   " It does not mean a mere possible doubt; because everything relating to human affairs, and depending on moral evidence, is open to some possible or imaginary doubt.   It is that state of the case which, after the entire comparison and consideration of all the evidence, leaves the minds of jurors in that condition that they cannot say they feel an abiding conviction to a moral certainty of the truth of the charge."   The State of Nevada vs. Van Winkle, 6 Nev., 340.

The second clause above referred to requests the court to charge that " if the jury think that it (tetanus) could have in this case been spontaneous, or idiopathic, the cause of exposure, or from any cause disconnected with the wound in the neck, it is their duty to acquit."

This request is clearly wrong.   It is not enough that it *could* have been spontaneous.  The evidence shows it "could have been," but was it in fact idiopathic, and occasioned by some cause disconnected with the wound in the neck. The court very properly overruled the request in the form in which it was made.

The third request of the defendant's counsel to charge that, "if from the evidence they have a reasonable doubt as to the prisoner having inflicted this wound in the neck, it is their duty to acquit.   The prisoner is entitled to the benefit of every reasonable doubt," seems to us to be right, and the court should have so charged.

The defendent is presumed innocent until proven guilty. The presumption is in favor of the defendant, and the State

must satisfy the jury of the guilt of the defendant, beyond the effect of a reasonable doubt.

The judgment is reversed and a new trial ordered.