Davis v. State.—Syllabus.

---

CHARLIE DAVIS, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

1. The preliminary proof which the State must present, in order to make the trailing of a supposed criminal by dogs competent evidence, is set forth in the case of *Davis v. State,* 46 Fla. 137, 35 South. Rep. 76.

2. Where the evidence afforded by the trailing of dogs, not shown to have had the requisite breeding and training, has no tendency to connect the accused with the offense, and could not have influenced the verdict of the jury, its admission is harmless· error.

3. Where a witness used a transcript of his stenographic notes of testimony taken on a former trial of the case, simply to refresh his memory, and it appears that the witness relied on his independent recollection of the testimony, after his memory was so

refreshed, and that he did not rely on the transcript for his recollection of the testimony which he gave, no error is committed in permitting the witness to testify after thus refreshing his memory, as to what another witness testified to on the former trial.

4. Where the trial judge filed no written charges, but used written charges in instructing the jury, and the judge certifies that an omission in the written charge was supplied by him orally in addressing the jury, and the charge so amended and given is a correct one, no error is committed.

5. Where requested instructions are substantially covered by the judge's charge, or where there is no evidence which warrants a requested instruction, the judge commits no error in refusing to give such instructions.

6. Where the motion for a new trial does not question the sufficiency of the evidence to sustain the verdict, its sufficiency can not be considered by this court.

This case was decided by the court *En Banc.*

Writ of error to the Circuit Court for Dade county.

### Statement.

The defendant was indicted at the fall term of the Circuit Court of Dade county, A. D. 1903, for breaking and entering a dwelling house with intent to commit a felony, to-wit: with intent to steal therefrom goods of the value of $100, being at the time armed with a dangerous weapon, and with making an assault upon W. C. Fogg, who was lawfully therein. On his first trial he was convicted and sentenced, and from the judgment of conviction sued out a writ of error from this court. This judgment was reversed by this court. *Davis v. State,* 44 Fla. 32, 35 South. Rep. 76. He was again tried, convicted and sentenced, and from this last judgment he has sued out a writ of error.

*M. D. Price* for plaintiff in error.

*J. B. Whitfield,* Attorney-General, for the State.

HOCKER, J. (*after stating the facts*).—First assignment of error. "The court below erred in admitting the testimony of D. W. Moran as to the actions of certain dogs placed upon the trail of the supposed culprit, no sufficient predicate being laid by the State, the purity of the breed not being shown, the dogs having been unsuccessfully used upon this occasion, and it having been shown that the alleged dogs had never been successfully used in the trailing of criminals."

Second assignment of error. "The court below erred in refusing to strike the testimony of D. W. Moran as to the actions of the dogs put upon the trail of the supposed culprit upon the grounds set forth in motion."

We will consider the two foregoing assignments together. The grounds of the motion to strike are that the testimony fails to show that the dogs were pure breed, or had sufficient training, or had ever been used successfully in trailing criminals, and that in this case the trailing was an absolute failure, and failed to lead to the place where the party was at the time, and that the dogs got lost as soon as they got where a crowd of people had been.

The matters which must be shown by the State to make the trailing of a supposed criminal by dogs proper evidence upon his trial are clearly stated in the former opinion of this court, *Davis v. State, supra,* and we are inclined to think that these matters are not sufficiently shown by this record. Still the error of the court in admitting and in refusing to strike the testimony was perfectly harmless to this defendant, as the evidence of the trailing by the dogs does not in any way connect this defendant with the crime charged. This fact is not only shown by the evidence itself, but it is admitted by the allegation of the motion itself, that the trailing was an absolute failure. It is not contended in the brief of plaintiff in error that this evidence did influence or could have influenced the jury, or was in the last degree prejudicial to him. We think the errors assigned were, under the circumstances, harmless.

Third assignment of error. "The court below erred in permitting the witness C. B. Robinson to refresh his memory from a copy or transcript of the notes made on a former trial in February, 1903, and testify in impeachment as to the former testimony of Will English, no sufficient predicate having been laid for the admission of said testimony, and the stenographer not having the original notes made at the trial from which to refresh his memory."

The record clearly shows that a proper foundation was laid by the State Attorney for the impeaching evidence he was attempting to elicit from the witness, the stenographer who· took the testimony at the former trial. The witness was asked to refresh his memory from a transcript of the testimony taken on said former trial and made by the witness after the trial. It was objected by the defendant's attorney that if the witness had to refresh his memory it should be done from the original notes taken at the trial, and not by a copy of those notes made after the court adjourned. This objection was overruled by the court,. to which ruling the defendant excepted. The witness was then asked: "Mr. Robinson do you remember that this question was asked the witness, 'do you remember what time he left the next morning' "? *Ans.* Yes, that question was asked. *Q.* What was his answer? Did he answer that he left at half past five? *Ans.* He did. This was in regard to the time defendant left the witness English's home on the morning of the 22nd of January. In the case of *Volusia County Bank v. Bigelow,* 45 Fla. 638, 33 South. Rep. 704, this court said: "There is a clear and obvious distinction between the use of a memorandum for the purpose of stimulating the memory and its use as a basis for testimony regarding transactions as to which there is no independent recollection. In the former case it is immaterial what constitutes the spur to memory, as the testimony when given, rests solely upon the independent recollection of the witness. In the latter case the memorandum furnishes no mental stimulus, and the testimony of a witness by reference thereto

derives whatever force it possesses from the fact that the memorandum is the record of a past recollection reduced to writing while there was an existing and independent recollection. It is for that reason that a memorandum to be available in such cases must have been made at or about the time of the happening of the transactions so that it may be safely assumed that the recollection was then sufficiently fresh to correctly express it. The assumed reliability of the memorandum as a contemporaneous record is the sole justification of its use by the witness, and hence it is essential in such cases that the witness should produce and testify by reference to the original memorandum, or satisfactorily account for its absence before resort can be had to a copy." In the instant case it does not appear that the witness relied on the transcript of his stenographic notes for his recollection of the testimony which he gave, and which was objected to, but it rather appears that he relied upon his independent recollection. We discover no error.

Fourth assignment of error. "The court below erred in his definition of a reasonable doubt as set forth in paragraph 8 of his general charge to the jury, said charge not being in accordance with the definition laid down by the Supreme Court of the State of Florida, and not being a correct definition of a reasonable doubt."

Fifth assignment of error. "The court below erred in adding the correction to paragraph 8 of his general charge set forth on page 128 of transcript, a written charge in the language of the Supreme Court having been requested on this point and refused, and the question raised by the defendant in his motion for a new trial. Said correction having been made some two months after the trial and at the time the bill of exceptions was presented for settlement and signing."

We will consider the fourth and fifth assignments together. It does not appear that the judge filed any written charges in this case. It appears that he used written charges in instructing the jury, and that the written charge was in

these words, "By a reasonable doubt is meant that state of mind of the juror where, after having carefully considered all the evidence, he can not say that he has an abiding conviction to a moral certainty of the accused." The trial judge certifies in the bill of exceptions that while the words "of the guilt," after the word "certainty," and before the word "of" in the last line of the charge were omitted in the written charge, that he added those words in his definition; that there was no request that the charges be in writing, and that the omission of those words was supplied by the court. The charge thus shown to have been given is substantially the definition of a reasonable doubt given in *Ernest v. State,* 20 Fla. 383, and following in numerous cases since. We can not presume that the facts were otherwise than as certified by the trial judge in the bill of exceptions. It imports absolute verity. *Glaser v. Hacket,* 38 Fla. 84, 20 South. Rep. 820.

The sixth and eighth assignments of error are based on the refusal of the trial judge to give requested instructions. We think that the substance of these instructions was substantially given by the judge in his own charge to the jury, and there was no error in his refusal to give those requested.

The seventh and ninth assignments of error are also based on the refusal of the judge to give instructions. We do not think there was any evidence before the jury which warranted these instructions, and the court did not err in refusing to give them.

Tenth assignment of error. The court below erred in denying defendant's motion for a new trial. The motion for a new trial only contained the grounds which have been considered in the foregoing assignments of error. It does not in any way question the sufficiency of the evidence to sustain the verdict.

Eleventh assignment of error. "The evidence is insufficient to support the verdict of guilty herein rendered." As stated above the motion for a new trial did not raise or

present this question, and, therefore, we are precluded from considering it. *Dupuis v. Thompson,* 16 Fla. 69, text 73; 14 Ency. Pl. & Pr., 847.

The judgment will be affirmed.

SHACKLEFORD, COCKRELL and CARTER, JJ., concur.

TAYLOR, C. J., absent on account of sickness.

WHITFIELD, J., disqualified, took no part in the consideration of this case.