FRANK JOHNSON, PLAINTIFF IN ERROR, v. THE STATE OF
FLORIDA, DEFENDANT IN ERROR.

APPELLATE PRACTICE—MOTION FOR NEW TRIAL MUST
BE EXHIBITED BY BILL OF EXCEPTIONS—SUFFICIEN-
CY OF EVIDENCE TO SUPPORT VERDICT CAN BE CON-
SIDERED BY APPELLATE COURT ONLY ON REVIEW OF
ORDER DENYING MOTION FOR NEW TRIAL.

1.  In the absence of a motion for new trial, including the
    ground that the verdict is contrary to the evidence or not
    supported thereby, duly ruled upon by the trial judge, and
    such ruling duly excepted to, an appellate court cannot
    consider or adjudicate the question of the sufficiency of
    the evidence to sustain a verdict.

2.  A motion for new trial forms no part of the *record proper*
    in a transcript of record brought up for appellate review,
    but must be evidenced to an appellate court by bill of
    exceptions, and when not so evidenced cannot be consid-
    ered by such court.

This case was decided by Division B.

Writ of Error to the Criminal Court of Record for Du-
val County.

The facts in the case are stated in the opinion of the
Court.

*W. H. Thompson,* for Plaintiff in Error;

*W. H. Ellis,* Attorney General, for the State.

TAYLOR, J.: The plaintiff in error, Frank Johnson, was
informed against, tried, convicted and sentenced for the

crime of grand larceny in the Criminal Court of Record of Duval County, and seeks a review of his trial here by writ of error. The only assignment of error argued or presented here is that the court below erred in denying the defendant's motion for a new trial on the grounds thereof that the verdict was not supported by the evidence, and was contrary to the evidence.

Copied into the *record proper* brought here by the writ of error is what purports to be a motion for a new trial with the court's ruling thereon, but in the *bill of exceptions*, also included in the transcript, there is no such motion. The rule is settled here beyond further cavil, that an appellate court can pass upon the question of the sufficiency of the evidence to sustain a verdict *only by a review of an order made by the trial court* granting or denying a motion for new trial, including the ground that the verdict is not supported by the evidence, or is contrary to the evidence. The reason for the rule is that the appellate court sits in review of the *rulings of the trial judge,* and not directly upon the finding is of the jury. If the claim is made that the findings of the jury are contrary to the evidence appeal must be made to the trial judge at the proper time by motion for new trial in order that he may have an opportunity to set aside the erroneous finding. If he declines to do so and exception to such ruling is duly taken, then the appellate court reviews *his ruling,* and if found to be erroneous, commands the grant of a new trial. Pons v. Hart, 5 Fla. 457; Dupuis v. Thompson, 16 Fla. 69, text 73; Davis v. State, 47 Fla. 26, 36 South. Rep. 170; Jacksonville Electric Co. v. Adams, 50 Fla. 429, 39 South. Rep. 183. In the absence, therefore, of a motion for new trial, including the ground that the verdict is contrary to the evidence or not supported there-

by, duly ruled upon by the trial judge, and such ruling duly excepted to, an appellate court cannot consider or adjudicate the question of the sufficiency of the evidence to sustain a verdict. It is further well settled here that a motion for new trial forms no part of the *record proper* in a transcript of record brought up for appellate review, but must be evidenced to an appellate court by bill of exceptions, and when not so evidenced cannot be considered by such court. Pace v. Lanier, 32 Fla. 291, 13 South. Rep. 360; Coleman v. State, 43 Fla. 543, 30 South. Rep. 684; McDonald v. State, 46 Fla. 149, 35 South. Rep. 72; Parnell v. State 47 Fla. 90, 36 South. Rep. 165.

It follows from what has been said that this court cannot consider or adjudicate the sole question presented and urged, and the judgment of the court below must, therefore, be, and is hereby, affirmed, at the cost of Duval county, it appearing that the plaintiff in error is insolvent.

HOCKER and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.