JOHN FRANK THORNTON v. STATE.

196 So. 842
Division A
Opinion Filed June 21, 1940

*Thos. D. Beasley,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *William Fisher, Jr.,* Assistant Attorney General, for Defendant in Error.

BUFORD, J.—On writ of error the judgment of conviction of the offense commonly known as armed robbery denounced by Section 5055 R. G. S., 7157 C. G. L., plaintiff in error presents three (3) questions for our consideration, which are as follows:

"1. Did the court charge the jury as to the gist of the crime charged in the information?"

"2. "Did the court err in allowing the State Attorney

to repeatedly refer to the defendants as convicts and fellow convicts?"

"3. "Is the evidence against John Frank Thornton sufficient to sustain the conviction?"

As to the first question, the charge of the court was entirely sufficient. No special instructions were requested and no reversible error was committed. There was no motion for a new trial and, therefore, no objections to the charges were presented in the court below. See Spanish, *et al.,* v. State, 72 Fla. 420, 73 So. 230; Williams v. State, 32 Fla. 251, 13 So. 429; Bynum v. State, 46 Fla. 142, 35 So. 65; Patrick v. State, 136 Fla. 853, 187 So. 383; Green v. State, 121 Fla. 307, 163 So. 712.

The contention presented by the second question is untenable because the record shows that the plaintiff in error, defendant in the court below, and two others who were on trial charged with the offense while making their escape from a road camp in which they were confined and working as convicts. The fact that they were escaping convicts was a part of the *res gestae.*

The record discloses no objection made to the reference by the State Attorney and no exception taken to such statements. No reversible error is made to appear in this regard.

The third question challenges the sufficiency of the evidence. As stated, *supra,* there was no motion for new trial and, therefore, the question is not so presented that this Court must consider it but, in fairness to the plaintiff in error, we have considered the evidence and found it amply sufficient to sustain the verdict and judgment.

The judgment should be affirmed and it is so ordered.

Affirmed.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, P. J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating by Section 4687, Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.