HENDRY, Judge.
Appellant seeks review of liis conviction hy the Criminal Court of Record for Dade County and assigns as error the.denial of his motions for directed verdict and new-trial, which motions were addressed to the sufficiency of the evidence.
On May 5, 1964, appellant, who had been tried without a jury was found guilty of robbery. Prior to the court’s finding, defendant moved for and was denied a directed verdict. On July 17, 1964, appellant orally moved for a new trial and requested permission to reduce the motion to writing. On July 21, 1964, his written motion for a new trial was filed. On September 28, 1964, he was adjudicated guilty and sentenced, and his motion for a new trial was denied.
Disposing first of appellant’s claimed error regarding denial of his motion for a new trial; ch. 920.02(3) F.S., F.S.A. provides :
“A motion for new trial may be made within four days, or such further time as the court may allow, not to exceed fifteen days, after the rendition of the verdict or the finding of the court, * * *.” ch. 920.02(3) F.S., F.S.A.
From a reading of the record in light of the above statute it patently appears that appellant’s motion for new trial was untimely. When a motion for a new trial is untimely the case stands as though no motion for a new trial had been made at all[1] It is therefore obviously not error for the trial judge to deny a motion which in legal contemplation was never made.[2]
We now turn to the issue of the trial court’s denial of defendant’s motion for directed verdict. Here, appellant addresses his argument to the sufficiency of the evidence to support conviction.
Many previously decided criminal cases hold that the absence of a timely motion for new trial precludes appellate review of sufficiency of evidence.[3] However, none of the cases so holding indicates whether or not the defendant had moved for a directed verdict. The later rulings pronounced in civil cases, tried by jury, wherein a party had moved for a directed verdict but had not moved for a new trial indicate that appellate review of sufficiency of the evidence is proper.[4]
In Furr v. Gulf Exhibition Corp., where plaintiff sought review of an order granting defendant’s motion for a directed verdict, no motion for a new trial having been made the court said:
“ * * * [W]hen a trial judge passes upon a motion for a directed verdict * * * he thereby arrives at a conclusion of law rather than of fact. In other words, his judgment is grounded on the proposition that viewing the evidence in its aspects most favorable to the party against whom the verdict is directed, it necessarily follows as a matter of law that such party could not be successful if the evidence were submitted to the jury.”[5]
And, in Sheehan v. Allred,[6] where the trial court denied a motion for directed verdict and no motion for new trial was made, the appellate court delineated the distinction between legal sufficiency of evidence as related to directed verdicts contrasted with weight of evidence as related to motions for new trial and appellate review of both. *819 There the court held that a motion for directed verdict tests the legal sufficiency of the evidence. That is, whether the evidence is sufficient in law to form a basis upon which findings of material fact as to each element of the plaintiff’s case may be predicated. The court’s determination upon the motion for directed verdict is subject to appellate review regardless of a timely motion for a new trial. In civil cases tried by the court without a jury it is similarly unnecessary to move for a new trial as a prerequisite for appellate review of the sufficiency of the evidence.[7]
In light of' the foregoing analysis, we now hold that in a criminal case, tried without a jury, if a defendant makes a timely motion for a directed verdict it is unnecessary for him to then move for a new trial in order to preserve for appellate review an assignment of error contesting the legal sufficiency of the evidence.[8]
We have therefore reviewed the evidence and find it legally sufficient to support the conviction.
Affirmed.

. McLendon v. State, 90 Fla. 272, 105 So. 406 (1925).

. ibid.

. e.g. Gilbert v. State, 148 Fla. 293, 4 So.2d 330 (1941); Thornton v. State, 143 Fla. 443, 196 So. 842 (1940).

. Sheehan v. Allred, Fla.App.1962, 146 So.2d 760; Furr v. Gulf Exhibition Corp., Fla.App.1959, 114 So.2d 27.

. Furr v. Gulf Exhibition Corp., id. at p. 29.

. Supra note 4.

. Rule 2.8(e) F.R.C.P., 31 F.S.A.

. See 918.08 F.S., F.S.A., see also and compare Wiggins v. State, Fla.App.1958, 101 So.2d 833; United States v. Hon, 306 F.2d 52, 7 Cir. (1962); Hall v. United States, 286 F.2d 676, 5th Cir. (1960).