CARROLL, Judge
(concurring specially).
I concur in the majority judgment of affirmance, but on a different ground. I would affirm on authority of the long line of decisions of the Florida Supreme Court holding that on appeal from a judgment of conviction, where there has been no motion for a new trial, the appellant is not entitled to a ruling by the appellate court on the sufficiency of the evidence. See Dupuis v. Thompson, 16 Fla. 69, 73 (1877); Davis v. State, 47 Fla. 26, 36 So. 170 (1904); Johnson v. State, 53 Fla. 42, 43 So. 430 (1907); Gilbert v. State, 58 Fla. 50, 50 So. 535 (1909); Baxley v. State, 72 Fla. 228, 72 So. 677 (1916); Thornton v. State, 143 Fla. 443, 196 So. 842 (1940); Gilbert v. State, 148 Fla. 293, 4 So.2d 330 (1941).
I know of no reason for this court to rule in conflict with those decisions. This is not a case where the record reveals that the evidence was patently insufficient to support a verdict of guilt of the charge, and therefore such as would result in an injustice if an appellant’s challenge of the sufficiency of the evidence went unanswered for his failure to have moved for new trial. Such a case would make a strong appeal to depart from the established rule. However, in the instant case this court, after clearing the way to consider the question of the sufficiency of the evidence in absence of a motion for new trial, disposed of the contention in a single sentence, saying the evidence had been reviewed and found sufficient to support the conviction. That much could have been done without disturbing the rule announced in the above cited cases; and it was so handled in Thornton v. State, supra, as follows (196 So. 842):
“The third question challenges the sufficiency of the evidence. As stated, supra, there was no motion for new trial and, therefore, the question is not so presented that this Court must consider it but, in fairness to the plaintiff in error, we have considered the evidence and found it amply sufficient to sustain the verdict and judgment.”