SMITH, CULVER, Associate Judge.
The Appellant, defendant below, brings this appeal from a judgment and conviction on a Two Count Information charging him with, (One) unlawfully and feloniously possessing and having under his control a narcotic drug, to wit: Cannabis, commonly known as Marijuana, and (Two) unlawfully and feloniously selling this drug. Defendant poses five points in his brief upon which he relies for reversal. His argument before this Court was confined almost entirely to his third point, and we agree that it is the one which requires consideration. It is necessary to relate here only a brief portion of the evidence which bears directly thereon.
During the morning hours of September 30, 1963, an agent of law enforcement officers, in accordance with a prearranged plan, met the defendant and another in Orlando to purchase from them a quantity of Marijuana. After some discussion, and driving around with the defendant, and the other party, in the latter’s car, the agent paid $450.00 and received Marijuana in exchange. The agent left the car, and the defendant and his companion were then arrested.
That afternoon, three law enforcement officers, together'with the defendant, trav-elléd to Polk County, obtained a search warrant, and searched defendant’s home, wherein a considerable amount of Marijuana was found. Testimony of this trip to Polk County, and of the events which transpired there, was admitted into evidence over the objection of the defendant, who urges by his third point on appeal that its admission constitutes reversible error, since it relates solely to a separate and distinct offense.
 The rule relating to admissibility of this type of evidence is discussed by the Supreme Court of Florida in the case of James A. Williams v. State of Florida, 143 So.2d 484, wherein it was stated that:
“ * * * evidence of any facts relevant to a material fact in issue, except *133 where the sole relevancy is character or propensity of the accused, is admissible unless precluded by some specific exception or rule of exclusion. Relevant evidence will not be excluded merely because it relates to similar facts which point to the commission of a separate crime. Thus, for example, this court held that evidence pointing to the commission of another crime is admissible if it casts light upon the character of the crime under investigation by showing motive, intent, absence of mistake, common scheme, identity or a system or general pattern of criminality so that the evidence of the prior or subsequent offense would have a relevant or a material bearing on some essential aspect of the offense being tried.”
 It is our holding that the evidence in question here, concerning the events in Polk County, are admissible under the foregoing rule. Certainly, it cannot be denied that it shows absence of mistake and a general pattern concerning the possession of Marijuana by the defendant. This evidence being admissible, the evidence adduced at the trial is ample to sustain the verdict, disposing of defendant’s first point.
With reference to defendant’s point two, suffice it to say that we find no abuse of discretion on the part of the trial Court.
In points four and five defendant complains of the giving by the Court of two certain charges to the jury. We' fail to find anywhere in the record where the defendant-registered an objection. In the case of Ted Williams v. State of Florida, Fla.App., 109 So.2d 379, we held that under such circumstances, the question cannot be raised on appeal. See § 918.10(4), Florida Statutes, F.S.A.
The judgment of the lower Court is affirmed.
SHANNON, Acting C. J., and ANDREWS, J., concur.