PIERCE, Judge.
This is an appeal by Walter Turner, Jr., defendant below, from a judgment of conviction in a criminal case.
Defendant was informed against in two counts in the Hillsborough County Criminal Court of Record for entering a building without breaking with intent to commit a misdemeanor, and also for petit larceny. Upon trial before jury he was convicted on both counts, and from the judgment entered upon said verdict he appeals to this Court.
The sole point urged here for reversal is that the trial Judge, in the course of his charge to the jury, included therein the following instruction :
“Now, gentlemen, in furtherance of that first count of the Information, the Court further charges you that when a building has been broken and entered and property has been stolen therefrom and soon thereafter the property is found in the possession of the person charged with entering the building with intent to steal, such possession if unexplained by the accused may be sufficient to warrant a conviction of the crime of entering the building with intent to steal. In such case, the guilt of the accused does not follow as a presumption of law from the unexplained possession of the property recently stolen.”
Ever since the 1966 advent of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, the giving of the foregoing instruction, or ones similar to it, has been the subject of considerable discussion, usually belated. Such instruction has been approved by the Florida Supreme Court since 1885 in the case of Tilly v. State, 21 Fla. 242.
But Miranda announced the legal philosophy that a suspect in custody not only “has the right to remain silent” but must be advised among other things, “that anything he says can be used against him.” The clash between the Miranda holding and the jury charge in question is obvious.
In the instant case the officers first observed Turner stepping out of a window of a grocery store in Tampa being burglarized at about 9:15 at night with some canned objects in his hand. Spotting the officers, he began running, with the officers in pursuit, through an alley, between two houses, across a prominent thoroughfare, and then into an open field, where he finally surrendered. He was immediately searched and the officers removed from his person two bottles of milk of magnesia, a plastic container of baby powder, and a bottle of fingernail polish remover. The articles were identified by the store owner as coming from his stock in the store. Immediately upon being taken into custody the officers informed him he was being arrested for breaking and entering. Officer Baker, who conducted the search, was asked what he did then and he replied: “I put these [the articles] in my car, front seat of my car with me and at this time Sergeant Woodlee had arrived up with me and we set him [Turner] in the back of the police car. At this time, I advised the defendant of his rights to an attorney and any statements, that he didn't have to make any statements to me at the time.”
The jury was charged that “the guilt of the accused does not follow as a presumption of law from the unexplained possession of the property recently stolen” but that “the presumption of guilt in such a case is one that the jury may infer as a matter of fact”. Although this language *803 has precedence in our Supreme Court holdings, it has always, in the opinion of the writer, been largely “a distinction without a difference”.
But, be that as it may, and ignoring semantic niceties, instructing the jurors that they may in effect infer guilt from silence collides squarely with the admonition of Miranda. To penalize a suspect in custody for exercising his constitutional right of silence is to pose a legal anomaly. And when the further fact is considered that in this case Turner was specifically informed by the officer, immediately upon being arrested, that he had a right to remain silent, is to make that anomaly impassable and irreconcilable.
The 1st District Court, in an opinion released on April 18, 1968, in Shaw v. State, 209 So.2d 477, considered important the interval existing in that case between the time when the defendant “was apprehended”, and the time before “police custodial interrogation commenced”, holding that during such interval he “had ample opportunity of explaining his possession” of the stolen property “but he failed to do so”. It was said that “such failure created the inference that he had stolen” the property involved and therefore a charge to the jury similar to the charge here was justified.
The 4th District Court in Young v. State, Fla.App.1967, 203 So.2d 650, held that such instruction “had the effect to demand of the defendant an affirmative explanation for the reason the stolen goods were in his possession”, proscribed by Miranda, and was therefore reversible error.
This 2nd District Court in Gamble v. State, 210 So.2d 238, opinion released May 8, 1968, likewise reversed a conviction because of a similar instruction, although in that case the accused had been under partial police interrogation when he suddenly indicated he desired to remain silent, thereby exercising his “privilege” under Miranda. The opinion in Young indicates somewhat the same situation existed there.
The cited cases are therefore not “foursquare” authority on the propriety of the instruction here given on the facts of the instant case.
However, the point is not reached by us on the merits because of the failure of defendant to object to the giving of the charge at any stage of the trial. F.S. Sec. 918.10(4) and (5) F.S.A. provides inter alia as follows:
“(4) No party may assign as error or grounds of appeal, the giving or the failure to give an instruction, unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects, and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury.
“(5) When an objection is made to the giving or failure to give an instruction, no exception need be made to the court’s ruling thereon in order to have such ruling reviewed, and the grounds of objection and ruling thereon shall be taken by the court reporter, transcribed by him, and filed in the cause.” (Emphasis supplied).
The quoted provision is procedurally mandatory and has uniformly been given effect. Simmons v. State, 1942, 151 Fla. 778, 10 So.2d 436; Thornton v. State, 1940, 143 Fla. 443, 196 So. 842; Febre v. State, 1947, 158 Fla. 853, 30 So.2d 367; Townsend v. State, Fla.App. 1957, 97 So.2d 712; Miller v. State, Fla.App.1958, 102 So.2d 737; Williams v. State, Fla.App.1959, 109 So.2d 379; Bell v. State, Fla.App.1965, 178 So.2d 131; Forceier v. State, Fla.App.1961, 133 So.2d 336. And a charge cannot be generally challenged as “fundamental error”, even in a first degree murder case. Brown v. State, Fla.1960, 124 So.2d 481.
Since Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R. 2d 733, all defendants in criminal cases *804 have the benefit of legal counsel, even to the point of such counsel being furnished at public expense to an indigent defendant. There is thus presently no reason or logic in not requiring scrupulous regard for mandatory procedural requirements, especially .statutory, in a criminal trial. And this is particularly true as to the requirement for timely and appropriate objection in order to preserve a point for appellate review. See State v. Jones, Fla.1967, 204 So.2d 515; Egantoff v. State, Fla.App. 1968, 208 So.2d 843.
The judgment appealed is affirmed.
LILES, C. J., and MANN, J., concur.