PIERCE, Judge.
This is an appeal by appellant James Wright from judgments of conviction entered in two criminal cases which had been consolidated for trial.
On November 29, 1967, two informations were filed in the Highlands County Circuit Court against David Wayne Smith and James Wright. One information, Case No. 3031, charged the defendants with grand larceny on July 23, 1967, of a 1964 Simca automobile belonging to one Johnson. The other information, Case No. 3032, charged defendants with grand larceny of a 1965 Mustang automobile belonging to one Roy. On December 15, 1967, each defendant entered plea of not guilty to both informa-tions. On January 8, 1968, defendant Smith changed his plea from not guilty to guilty as to both informations.
On January 8, 1968, the two cases were consolidated for purpose of trial of defendant Wright only. After trial by jury, on the same date, verdict was returned against Wright in the Simca case, No. 3031, finding him guilty of the unauthorized use of a motor vehicle. By separate verdict in Case No. 3032, he was found guilty of larceny of the Mustang automobile. The Court entered separate adjudications of guilt in each case, sentencing him to imprisonment for terms of six months and five years respectively in the two cases, Nos. 3031 and 3032, both sentences to be served in the “State Penitentiary”. Both judgments of convictions have been appealed to this Court where they have been consolidated for purpose of record, briefs and arguments, and will be disposed of in this single opinion, although discussed separately and in converse order.

Case No. 3032

The sole contention made on behalf of Wright here is that at the time the two cars were taken (and it was in effect one contemporaneous transaction) he was too drunk to form the requisite intent either to steal a car or to wilfully take and use it without authority. This, of course, goes to the sufficiency of the evidence to prove the requisite intent, and at the threshold of such consideration we are met with an obj ection.
The Attorney General argues that sufficiency of the evidence in any respect is not open for review by us because no motion for new trial was filed or ruled upon. The cases of Kimble v. State, Fla.App.1968, 208 So.2d 471; Smith v. State, Fla.App.1967, 194 So.2d 310; and Jones v. State, Fla.App.1968, 212 So.2d 804 are cited in support. These cases, all from the First District Court, do indeed hold that where a motion for new trial is not filed in the trial Court, the appellate Court “is precluded from considering the sufficiency of the evidence”, to use the language of Smith.
There are other cases to like effect. See Gilbert v. State, 1941, 148 Fla. 293, 4 So.2d 330; Thornton v. State, 1940, 143 Fla. 443, 196 So. 842; Baxley v. State, 1916, 72 Fla. 228, 72 So. 677, all from the Supreme Court. And in Johnson v. State, 1907, 53 Fla. 42, 43 So. 430, the Supreme Court, speaking through Justice Taylor, gives an interesting dissertation upon the *231 requirement and the reason for it, as follows :
“The rale is settled here beyond further cavil that an appellate court can pass upon the question of the sufficiency of the evidence to sustain a verdict only by a review of an order made by the trial court granting or denying a motion for new trial including the ground that the verdict is not supported by the evidence or is contrary to the evidence. The reason for the rale is that the appellate court sits in review of the rulings of the trial judge, and not directly upon the findings of the jury. If the claim is made that the findings of the jury are contrary to the evidence, appeal must be made to the trial judge at the proper time by motion for new trial, in order that he may have an opportunity to set aside the erroneous finding. If he declines to do so, and exception to such ruling is duly taken, then the appellate court reviews his ruling, and if found to be erroneous, commands the grant of a new trial. Pons v. Hart, 5 Fla. 457; Dupuis v. Thompson, 16 Fla. 69, text 73; Davis v. State, 47 Fla. 26, 36 South. 170; Jacksonville Electric Co. v. Adams, 50 Fla. 429, 39 South. 183. In the absence, therefore, of a motion for new trial, including the ground that the verdict is contrary to the evidence or not supported thereby, duly ruled upon by the trial judge, and such ruling duly excepted to, an appellate court cannot consider or adjudicate the question of the sufficiency of the evidence to sustain a verdict.”
So the holding in Kimble, Smith, and Jones, relied upon here by the Attorney General for the rule of law contended for, has ample judicial precedent.
But in the Florida Appellate Rules, 32 F.S.A., adopted in 1962 and later amended in 1965 and 1967, under “PART VI. CRIMINAL APPEALS”, we find under Rule 6.16, subd. b:
“b. Sufficiency of Evidence. Upon an appeal by the defendant from the judgment the appellate court shall review the evidence to determine if it is insufficient to support the judgment where this is a ground of appeal. Upon an appeal from the judgment by a defendant who has been sentenced to death the appellate court shall review the evidence to determine if the interests of justice require a new trial, whether the insufficiency of the evidence is a ground of appeal or not.” (Emphasis supplied).
Rule 6.1 provides:
“Appeals in criminal cases to * * * the district courts of appeal * * * shall be prosecuted in accordance with Part VI of these rules * * * ”. (Emphasis supplied).
Rule 6.16, subd. b requires in effect that the appellate Court “shall review” the sufficiency of the evidence to support the judgment appealed in cases less than capital, conditioned only that such alleged insufficiency be a “ground of appeal”; and that in death cases the appellate Court “shall review” the sufficiency of the evidence to determine “if the interests of justice require a new trial”, regardless of the grounds of appeal. And Rule 6.1 requires that criminal appeals “shall be prosecuted” in accordance with Part VI, which includes Rule 6.16, subd. b.
Rule 6.16, subd. b was taken verbatim from § 924.32(2) F.S., which was originally passed in 1939 (Laws 1939 c. 19554, § 308), and which became in effect merged with Rule 6.16, subd. b when the rules were adopted. This is implicit in the Order adopted by the Supreme Court on June 18, 1962 (not included in Southern Reporter, but contained in fore-front of Florida Appellate Rules, Vol. 32, F.S.A., page ix), providing inter alia that:
“This compilation and revision shall supersede all conflicting rules and statutes. All statutes not superseded hereby or in conflict herewith shall remain in effect as rules promulgated by the Supreme Court.”
*232 So we must, and do, hold that a motion for new trial, duly filed and ruled upon, is not an indispensable prerequisite to review by the appellate Court of the sufficiency of evidence in a criminal case to sustain the judgment appealed, provided such alleged insufficiency is included in the assignments of error. In the case sub judice, grounds 4, S and 6 each raise the point. Therefore, the sufficiency of evidence to prove the specific intent to steal or unlawfully use the automobiles is open for our consideration.
The determination of that point on the merits is our easiest task in this case. It is unnecessary to here discuss the evidence at the trial. Suffice to say that there was ample, competent and substantial evidence adduced from which the jury could reasonably have found or inferred criminal intent. Testimony of witnesses Lassiter, Spurlock, Deputy Sheriff King, and even the co-defendant Smith, is abundant to supply such proof.
This being the only point here raised, judgment in Case No. 3032 must be affirmed.

Case No. 3031

The offense of Unauthorized Use of a Motor Vehicle is denounced by F.S. § 811.-21 F.S.A., which inter alia reads as follows:
“811.21 Taking or using temporarily any vehicle * * * of another without authority
Whoever willfully, mischievously and without right takes or uses any * * * vehicle, * * * the property of another, without the consent of the owner or other person having the legal custody, care or control of the same, shall be punished by imprisonment not exceeding six months, or by fine not exceeding one hundred dollars.”
F.S. § 775.08 F.S.A., provides:
775.08 Felonies and misdemeanors defined
Any crime punishable by death, or imprisonment in the state prison, is a felony, and no other crime shall be so considered. Every other offense is a misdemeanor.”
F.S. § 775.06 F.S.A., provides:
“775.06 Punishments
Whenever punishment by imprisonment is prescribed, and the said imprisonment is not expressly directed to be in the state prison, it shall be taken and held to be imprisonment in the county jail, and whenever the punishment is prescribed to be fine or imprisonment * * *, in the alternative, the court may, in its discretion, proceed to punish by both fine and such imprisonment.”
 These statutory provisions clearly make the offense of Unauthorized Use of a Motor Vehicle, of which defendant Wright was convicted in Case No. 3031, a misdemeanor. And such misdemeanor offense is a lesser offense included within the crime of larceny of an automobile, charged in the information, which is a felony under F.S. § 811.20 F.S.A. See the scholarly opinion of Judge Donald Carroll of the First District Court in Stewart v. State, Fla.App.1966, 187 So.2d 358, with the rationale of which we agree.
Ordinarily, appeals in misdemeanor cases do not come to this District Court of Appeal, but go to the appropriate Circuit Court from a subordinate Court. F.S. § 924.08(3) F.S.A.; Art. V, §§ 5(3) and 6(3), Fla.Const., F.S.A. But where the Circuit Court properly has trial jurisdiction in the first instance, any appeal from a misdemeanor conviction growing out of the Circuit Court prosecution comes to the District Court, the same as a non-capital felony conviction. We finally proceed to the merits.
Wright makes practically no argument in his brief with respect to conviction for the unauthorized use of the Simca car. But inferentially, the same contentions may be assumed for the Simca case as were made with respect to the *233 Mustang, namely, sufficiency of the evidence to show intent. And our answer would be the same. The judgment in Case No. 3031 should likewise be affirmed, except that upon remand the trial Court is authorized to amend the sentence so it will be served in the County jail instead of the “State Penitentiary”.
In both cases, the judgments are therefore—
Affirmed, with authority to amend the sentence in Case No. 3031 as aforesaid.
LILES, C. J., and ALLEN, J., concur.