PIERCE, Judge.
This is an appeal from a judgment of conviction entered against appellant Joseph Contreras and his sentence of imprisonment at the State Prison.
Contreras was tried and found guilty by a jury after trial upon an information filed against him in the Manatee County Circuit Court, charging him with uttering a forged *618 instrument. There are only two points urged here for reversal, viz: (1) insufficiency of the evidence to convict, and (2) whether such point is open to us for review. We will take these points up in reverse order.
No motion for new trial was filed on behalf of Contreras in the lower Court after verdict was returned. Contreras anticipates the State’s contention that the sufficiency of evidence to convict is ordinarily not open for review in the appellate Court absent filing of such new trial motion and denial thereof by the trial Judge, citing the 1st District Court cases of Kimble v. State, Fla.App.1968, 208 So.2d 471 and Smith v. State, Fla.App.1966, 194 So.2d 310, and the Supreme Court case of Gilbert v. State, 1941, 148 Fla. 293, 4 So.2d 330. But he contends that a motion for judgment of acquittal based on insufficiency of the evidence was made in his behalf during the trial and was denied, and argues that, under Rule 1.660 of the Florida Rules of Criminal Procedure, 33 F.S.A., such motion for acquittal at the trial opens the door for review of sufficiency of the evidence where the point of insufficiency is an express ground of the motion for acquittal, especially where the defendant introduces no evidence in his own behalf and rests immediately upon denial of his motion for acquittal.
CrPR 1.660 provides inter alia as follows: “If, at the close of * * * all the evidence in the cause, the court is of the opinion that the evidence is insufficient to warrant a conviction, it may, and upon the motion of * * * the defendant, shall, enter a judgment of acquittal.”
Therefore, argues Contreras, because the trial Court had an opportunity to rule directly upon the point, such ruling would be open for review upon appeal, conditioned upon a proper assignment of error being filed directed to such ruling. Hogwood v. State, Fla.App.1965, 175 So.2d 817.
Assuming the soundness of such contention, namely, that the sufficiency of the evidence to convict may be reviewed in this case because the trial Court denied the motion for acquittal, an assignment of error directed specifically to such ruling should have been made. No such specific ground was included in the assignments of error. The nearest approach to an assignment challenging directly the ruling of the Court aforesaid is that “the Court erred in denying motions made by defendant.” This is not specific enough under Hall v. State, Fla.App.1967, 203 So.2d 202.
However, we need not belabor the point for the reason that review of the sufficiency of the evidence in a.criminal case is open to the appellate Court under our recent opinion filed November 22, 1968 in Wright v. State of Florida, 216 So.2d 229. There it was held that, notwithstanding the cases of Kimble, Smith, and Gilbert cited by defendant, supra and several other cases in like tenor not cited, consideration of the question is open to review upon appeal under Rule 6.16 of the Florida Appellate Rules, 32 F.S.A., whether the point is raised or preserved in the lower Court or not. It is unnecessary to duplicate here what was said on this matter in Wright v. State, but will respectfully refer the reader to the opinion in that case. Suffice to say that the point is open for review here, not because of CrPR 1.660 but because of FAR 6.16.
And, to paraphrase what we further said in Wright, consideration of the point “on the merits”, namely, sufficiency of the evidence to sustain the verdict, “is our easiest task in this case”. We hold that the uncontradicted testimony of the three main State witnesses, Deborah Strong, Samuel Mull and Carol Sue Contreras, the latter being the wife of defendant, was ample to sustain the verdict.
The three named witnesses, together with defendant, rode together in Mull’s automobile to the Westgate Shopping Center in Bradenton where Deborah Strong made a purchase at Liggett Drug Store, using a forged check with a fictitious name. She received back on the purchase a balance *619 in cash, which she divided among the four persons in the car, including defendant. The two remaining occupants of the car, other than defendant, corroborated Deborah’s testimony in varying particulars. Defendant’s own wife admitted they all had “discussed” cashing the check before ever going to the shopping center.
There was no error in the denial of the motion for judgment of acquittal, and the judgment of conviction appealed is therefore—
Affirmed.
LILES, C. J., and HOBSON, J., concur.