WALDEN, Judge
(dissenting):
While I agree with the excellent analysis concerning the conviction of a lesser offense which is contained in the majority opinion, I do most respectfully dissent from the proposition that fundamental error exists. Here there was no objection to the charge given.[1] Here the offense for which petitioner was convicted may have been included in the offense charged and the evidence supported the conviction. Thus, I am convinced that the error, such as it was, is harmless.[2]
Not all errors are reversible. For instance, a comment on failure to testify may no longer be considered by an appellate court if no objection is made,[3] even though a comment on failure to testify is a violation of constitutional rights.[4] To like effect is Turner v. State, Fla.App.1968, 212 So.2d 801. With this in mind, I am not persuaded that the circuit court, acting in its appellate capacity, departed from the essential requirements of law.[5]
I would, therefore, deny certiorari.

. Section 918.10(4), F.S.1967, F.S.A.: “No party may assign as error or grounds of appeal, the giving or the failure to give an instruction, unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects, and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury.”

. Section 924.33, F.S.1967, F.S.A.: “No judgment shall be reversed unless the appellate court after an examination of all the appeal papers is of the opinion that error was committed which injuriously affected the substantial rights of the appellant. It shall no be presumed that error injuriously affected the substantial rights of the appellant.”

. State v. Jones, Fla.1967, 204 So.2d 515.

. Griffin v. California, 1965, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, reh. den. 381 U.S. 957, 85 S.Ct. 1797, 14 L.Ed. 2d 730.

. 5 Fla.Jur., Certiorari, § 25.